## THE STATE OF RHODE ISLAND *vs.* THE STATE OF MASSACHUSETTS.

The State of Rhode Island, on leave granted at January Term, 1838, to amend a bill previously filed by the state against the state of Massachusetts, amended the bill at this term, by inserting in it references to papers filed at the term of 1838. The state of Massachusetts was allowed until the term of 1840 to answer.

The rules which govern Courts of Equity as to the allowance of time for filing an answer and other proceedings in suits between individuals, will not be applied by the Supreme Court to controversies between states of the Union. The parties in such cases, must, in the nature of things, be incapable of acting with the promptness of an individual.

MR. SOUTHARD, for the complainants, stated that the state of Rhode Island, with the consent of the Court, obtained at last term. had amended the bill filed in this case; and he moved the Court for a rule on the state of Massachusetts to answer within a short time, so that the case might be disposed of during the term.

Mr. Webster stated, that, although not authorized to appear in the case, he thought it proper to say that the opinions of the Court delivered at the last term in this cause had been submitted to the government of Massachusetts. It was a short time before the adjournment of the legislature of the state that they were communicated to them. The subject will be again presented by the governor to the legislature, at the session now held; and it is expected that some action upon it will take place. In the posture in which the case stood at the last term of this Court, the attorney general of the state of Massachusetts has not thought it proper to do any thing. The movements of such bodies, as the defendants in this case, are slow.

Mr. Hazard had no objection to an allowance of time to the defendants to answer. He had a strong impression that he had seen some proceedings of the legislature of Massachusetts, at its last session in 1838, by which the direction of this case was left to the counsel employed by the state. He did not think that the slow movements of such bodies should be allowed, when other parties are concerned. He desired that a time for the filing of an answer, by the state of Massachusetts, should be definitely fixed.

Mr. Chief Justice TANEY delivered the opinion of the Court.—

A motion was made by the complainant on Saturday last for an order on the defendant to answer the amended bill of the complainant, on or before the 26th day of the present month of January. In deciding upon this motion it is necessary to refer to the orders of the Court heretofore passed in this case, and to see what steps have been taken under them.

At the last term leave was given to Rhode Island to withdraw the general replication filed in the case, and to amend the bill: the amendment to be made on or before the first Monday of August

last. At the same term, upon the motion of the counsel for Massachusetts, leave was granted to withdraw the plea which the defendant had filed, and also to strike out the appearance of Massachusetts to the suit.

Nothing has since been done by the defendant under this leave, for reasons which have been stated at the bar. And as the appearance of Massachusetts has not yet been withdrawn, and as Rhode Island has a right to the usual orders to enable that state to proceed in the suit, the Court in passing them must look to the condition of the case as it appears on the record, and consider Massachusetts as still in Court, and as appearing in the case.

When the motion was made at the last term to amend the bill, two documents which Rhode Island desired to introduce into the cause were filed with the motion; but the leave to amend was general, and not confined to the papers then filed. Nothing appears to have been done by the complainant until the second day of the present term, when the bill was amended by inserting in it the proper allegations, in relation to the two papers above mentioned; and adding also certain interrogatories in relation to sundry matters charged in the bill, which the complainant prays that the defendant may be required to answer. The amendment, therefore, was not made until the second day of the present term. The defendant could not have answered until it was made; and, consequently, is not in default for not answering. The question now is, what time ought to be given?

From the character of the parties, and the nature of the controversy, we cannot, without committing great injustice, apply to this case the rules as to time, which govern Courts of Equity in suits between individuals. In the last mentioned cases, the material allegations in the bill are comparatively few in number, and rest in the personal knowledge of the individual who is to put in his answer. But a case like this, and one too of so many years standing, the parties, in the nature of things, must be incapable of acting with the promptness of an individual. Agents must be employed, and much time may be required to search for historical documents, and to arrange and collate them, for the purpose of presenting to the Court the true grounds of the defence. It is impossible for the Court to foresee what additional inquiries and explanations may be found necessary, in consequence of the new allegations and documents introduced into the bill; and the new interrogatories as to the verity of various papers stated in the bill, which the defendant is now called upon to answer. And as the Court have received the amendment of the complainant at the present term, upon the leave granted at the last term, as herein before mentioned; we think that the same time should be given to the defendant to answer. The Court will, therefore, pass the following order.

The bill heretofore filed by Rhode Island in this case, having been amended on the second day of the present term, it is ordered by

[The State of Rhode Island *vs.* The State of Massachusetts.]

the Court, that Massachusetts be allowed until the first Monday in August next to elect whether that state will withdraw its appearance, pursuant to the leave granted at January term, 1838; and if the appearance of Massachusetts be withdrawn within the time above mentioned, that Rhode Island be, thereupon, at liberty to proceed ex parte.

And if the appearance of Massachusetts shall not be withdrawn within the time above mentioned, it is then ordered, that the said state answer the amended bill of the complainant on or before the second day of January term, 1840.

The motion made by the complainant on Saturday, the 19th of the present month, is overruled.

*January* 26, 1839.

Mr. Justice BALDWIN did not consider the state of Massachusetts before the Court; after what had passed at the last term, not considering Massachusetts before the Court, he had taken no part in the order now made by the Court.