KNERZER, Appellant, vs. WORTHING, Respondent.

*January 18—February 12, 1924.*

*Fraud: False representations: Reliance: Knowledge of falsity.
Allegations in pleading as admissions against interest: Force
and effect: Amendment of pleading.*

1. In an action for damages for false representations, made by
   defendant during negotiations which culminated in an ex-
   change of lands with plaintiff, as to the number of acres of
   cultivated land on his farm, allegations in the complaint are
   construed to show that plaintiff knew before closing the trans-
   action that defendant's positive representation as to the culti-
   vated acreage was not true.  p. 42.
2. An amendment of the complaint in regard to such allegations
   was not asked, but it could not have properly been allowed
   in view of the testimony of the plaintiff, on adverse examina-
   tion and at the trial, that the acreage did not look as large
   as defendant represented, and that plaintiff did not know
   whether there were one hundred and thirty acres under cul-
   tivation or not.  p. 42.
3. While such allegations in an unverified complaint were not
   absolutely conclusive, they were receivable in evidence as an
   admission against interest, subject to explanation by a proper
   showing of mistake or misunderstanding.  p. 43.

APPEAL from a judgment of the circuit court for Colum-
bia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Plaintiff and defendant contracted an exchange of farms
in December, 1920, followed by conveyances in March, 1921.
In the following October this action was brought to recover
damages for false representations made by defendant, in
reliance upon which plaintiff was induced to make the ex-
change.

Defendant interposed a counterclaim upon similar claims.
Upon the trial a special verdict was returned upon which
the defendant's counterclaim was dismissed and judgment
ordered for the plaintiff for $500 upon the findings of the
jury as to representations made by defendant as to his then
farm being free from Canada thistles.

Another litigated issue was presented in the following questions of the special verdict:

(1) Did defendant represent to plaintiff that there were 130 acres of cultivated land on his farm? *A.* Yes.

(2) Was such representation false? *A.* Yes.

(3) Was such representation relied on by plaintiff? *A.* Yes.

(4) How much more would said farm have been worth had such representation been true? *A.* $2,500.

(5) Under all the circumstances present, would a person of plaintiff's knowledge, intelligence, and experience, by the exercise of ordinary observation, have discovered that said representation was false? *A.* No.

Subsequent to trial and after motions by the respective parties the court reversed the jury's answers to the third and fifth questions above stated and denied plaintiff's claim for the $2,500 found in the fourth question.

In plaintiff's unverified complaint, after setting forth the facts with reference to the respective ownership of the farms and the representations as to Canada thistles and other matters not here material, it is recited in substance that the defendant, to induce plaintiff to purchase defendant's farm,

"falsely and fraudulently represented, stated, and pretended that 130 acres thereof consisted of land under cultivation; . . . that by reason of the irregular shape of the cultivated fields plaintiff could not ascertain or judge with any degree of accuracy the number of acres therein contained, but in view of the representations so made in respect thereto he was led to and did in fact believe that the same contained at least 120 acres." "That plaintiff did not discover the falsity of said representations until some time after he entered into possession of said farm."

That the representations made by defendant as set forth in the complaint "were and are false and untrue, and that as plaintiff verily believes, were by said defendant known so to be at the time of the making thereof. . . . That the

acreage of cultivated land is considerably less than 120 acres."

It appears that the farm so taken by plaintiff from defendant was divided into two separate farms and contained about eight tillable tracts and was subsequently surveyed, disclosing 90.76 acres of tillable land.

The testimony shows that the parties had lived not far apart and had known each other for a number of years; that plaintiff had been engaged in farming for substantially all his life and had two sons of twenty-four and twenty-five years of age engaged with him; that he had had former dealings with the defendant; that the representation as to there being 130 acres of cultivated land was made prior to plaintiff's visits to the farm for its examination. Plaintiff, accompanied by one of his sons, went over the premises several days before, and again with the real-estate agent who negotiated the transfer a day or two before the contract of December.

Defendant was not with him at either of such visits and nothing was done to prevent his obtaining such information as he desired. He made no claim at the time the contract was signed in December that there was a shortage as to the cultivated land nor until this lawsuit. On the trial, from plaintiff's adverse examination before trial, the following statements were received in evidence and admitted by him to be correct in substance, viz.: that he had told the real-estate agent on the occasion of his second examination of the farm that there is not half of the land here that he (plaintiff) thought there was (it being understood that such statement referred to the cultivated land as distinguished from the entire acreage).

Again he said as to one of the two tracts of land into which the farm he purchased was divided, "It didn't look as large to me as he represented it, no." "I didn't know whether there was 130 acres under cultivation or not." And again, that he believed defendant's statement as to there

being 130 acres cultivated. Defendant made no statement that he had had the farm surveyed or acreage cultivated ascertained.

Plaintiff appeals from the judgment in so far as there was a refusal to allow him the $2,500 item of damages for the lesser acreage of cultivated land. The defendant has also made a motion for a review of some of the court's rulings.

For the appellant there were briefs by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Walter H. Farnsworth.*

For the respondent there was a brief by *Olin, Butler, Thomas, Stebbins & Stroud,* and oral argument by *Benjamin Bull* and *H. H. Thomas,* all of Madison.

ESCHWEILER, J. The trial court was led to the conclusion that he must reverse the answers of the jury to the third and fifth questions *supra* because, from those allegations in the complaint quoted above, the statements therein must be reasonably construed as fixing the limit of plaintiff's belief in any representations by defendant as to cultivated acreage at no more than 120 acres. That though defendant made a representation that there were 130 acres, yet plaintiff, by his own admissions not believing it, could not in law say that he relied upon it, and that therefore one of the essential elements in an action for damages for alleged misrepresentations was here absent. In this view we think the trial court was correct. Giving a reasonable construction to those material allegations in the complaint, they must be construed as alleging that he knew before closing the transaction that the positive representation as to 130 acres was not true and correct. No application was made on the trial that the plaintiff be allowed to amend the complaint in this regard, nor, in view of his testimony on the trial and on his adverse examination, could such amendment properly have been allowed. While such allegations in a pleading,

whether verified or unverified, are not absolutely conclusive against a party, nevertheless they are receivable in evidence as an admission against interest, subject of course to the right to explain by proper showing of mistake or misunderstanding, but no such showing is here made. *Schoette v. Drake,* 139 Wis. 18, 22, 120 N. W. 393; *Tullgren v. Karger,* 173 Wis. 288, 296, 181 N. W. 232; *Savich v. Hines,* 174 Wis. 181, 183, 182 N. W. 924; Jones, Evidence, § 272. This cannot be called a mere variance between the pleading and the proof, as argued by plaintiff.

Plaintiff also argues that at most he had but a suspicion that the representation as to the 130 acres was false and that therefore he might rely upon such statement notwithstanding suspicion, and several cases are cited holding that a mere suspicion is insufficient to prevent a reliance upon representations. We have examined such cases, but find none to meet the situation here or that change our view above expressed upon the present record.

The conclusion of the trial court, therefore, that the plaintiff could not have relied upon such representation as an inducement to the transaction is reasonable, proper, and must be supported.

This ruling makes it unnecessary to consider other questions presented.

*By the Court.*—Judgment affirmed.