WILKS, Appellant, vs. McGOVERN-PLACE OIL COMPANY, Respondent.

*February 11—March 9, 1926.*

*Vendor and purchaser: Misrepresentation as to dimensions of land sold: Rescission: Laches: Liability of purchaser for building removed.*

1. The boundary line of the right of way of a railroad adjacent to property sold not being fixed by any fence or other structure, and it being impossible to ascertain the size of the parcel of land without an accurate survey, the purchaser was not required to make a survey before purchasing in reliance upon representations of the vendor as to the dimensions of the parcel,—the purchaser not being required to verify statements to the truth of which the vendor, with full means of knowledge, pledged his faith.   p. 422.

2. Where an oil company purchased the land for a filling station, the fact that the officers of the company had held the opinion that it was not large enough for their purposes did not deprive them of the right to rely upon definite representations by the vendor's agent as to its dimensions.   p. 422.

3. The purchaser, immediately upon discovering by a survey that the lot purchased was smaller than represented, notified the vendor, at whose request another survey was made, and when the resurvey disclosed the same shortage the purchaser rescinded. *Held*, that the right of the purchaser to thereafter promptly rescind the contract was not barred by laches. p. 422.

4. One rescinding a contract is not required to restore the property in the condition in which it was received when to do so would be unreasonable or impossible.   p. 423.

5. The oil company, which tore down the building on the land purchased, was not required to pay the seller the value of the building as a condition precedent to a rescission of the contract, where there was no showing that the purchaser had profited by the removal of the building.   p. 423.

APPEAL from a judgment of the municipal court of Racine county: E. R. BURGESS, Judge. *Affirmed.*

Action to foreclose a land contract. Appeal from a judgment which canceled the land contract for misrepresentation

as to the dimensions of the property sold and directed a return of the amounts paid on the purchase price.

The plaintiff sold to the defendant company a triangular piece of land in Racine which the parties to the contract knew was to be used for the purpose of erecting a gasoline filling station. The land conveyed was bounded by Thirteenth street, Washington avenue, and the right of way of the Chicago & Northwestern Railway. The land contract described the land conveyed as approximately twenty-two feet on Thirteenth street and approximately sixty-six feet on Washington avenue. After a portion of the contract price was paid, the defendant company, when it was preparing to erect its filling station, had the land surveyed and ascertained that the land was not of the dimensions represented by plaintiff's agent when the sale was made, which were the same as those stated in the land contract. The trial court found that the length of the parcel of land abutting on Thirteenth street was 18.11 feet and that the length of the land abutting on Washington avenue was 55.5 feet.

For the appellant there was a brief by *Baumblatt & Weisman* of Racine, and oral argument by *Leonard P. Baumblatt*.

For the respondent there was a brief by *Foley & Brach,* and oral argument by *Gilbert E. Brach* and *Cornelius M. Colbert,* all of Racine.

STEVENS, J. There is no controversy over the question that there were material misrepresentations as to the dimensions of the land. But appellant insists that those acting for the defendant company had no right to rely on such representations, because the officers of the company had passed by the property and seen it nearly every day for a considerable period of time prior to the purchase, and further because they had looked at it a number of times and had always been of the opinion that it was not quite large enough for a filling station. The officers of the defendant

company testified that the information given them by plaintiff's agent caused them to change their mind as to the lot being too small for a filling station and that they purchased the land because they relied upon the representations made as to the dimensions of the property.

The boundary line of the right of way of the Northwestern Railway which was adjacent to the property was not fixed by any fence or other structure. It was impossible to ascertain the exact size of the parcel of land without an accurate survey. Under the circumstances of this case, neither the authorities nor common usage required the defendant company to make a survey before purchasing in reliance upon the representations made. *Lee v. Bielefeld*, 176 Wis. 225, 228, 186 N. W. 587. The defendant company was "under no obligation to investigate and verify statements to the truth of which the other party to the contract, with full means of knowledge, has deliberately pledged his faith." *Wilgrube v. Nast*, 178 Wis. 535, 544, 190 N. W. 451. The mere fact that officers of the defendant company had held the opinion or had the suspicion that the lot was not large enough for a filling station did not place them in a position where they had no right to rely upon the definite representations made to them as to the size of this piece of ground. *Knerzer v. Worthing*, 183 Wis. 39, 43, 197 N. W. 199. See, also, *Kaiser v. Nummerdor*, 120 Wis. 234, 240, 97 N. W. 932.

Defendant's right to rescind is not barred by laches. As soon as a survey disclosed the fact that the lot was not as large as represented, notice was given to the plaintiff and at his request another survey was made, which disclosed the same shortage. The defendant then promptly rescinded the contract.

Prior to the time that the defendant company ascertained that the property did not contain the amount of land represented, the company had torn down a building located on the property here in question which the testimony shows

was worth approximately $800. The case therefore presents the question whether the defendant must restore this building or pay to the plaintiff the fair value thereof as a condition of being permitted to rescind the contract, under the familiar rule that one who seeks to rescind must return or offer to return the property which he received. The governing idea of this rule "is that a person cannot keep the consideration received or retain to himself the advantages of a contract and at the same time repudiate it." *Gay v. D. M. Osborne & Co.* 102 Wis. 641, 645, 78 N. W. 1079. The rule "goes no further than justice requires. The rule in regard to the matter is equitable, not technical. Unreasonable or impossible things, which would not under the circumstances tend to secure equity, are not required." *Hall v. Bank of Baldwin,* 143 Wis. 303, 309, 310, 127 N. W. 969. "The restoration is not exacted on account of any feeling of partiality or regard for the fraudulent party. The law cares very little what his loss may be, and exacts nothing for his sake." *Gates v. Raymond,* 106 Wis. 657, 660, 82 N. W. 530.

Here the defendant company was led to purchase the property and to proceed with its plans to build a filling station because of misrepresentations made by plaintiff as to the size of the property sold. In the course of its preparation to build, it tore down the building on the property while still relying upon the representations made by the plaintiff. The record does not show that the defendant company has profited by the removal of the building. Doubtless it was actually put to expense in securing the removal of the building. The value of plaintiff's property has been lessened by the defendant company while it relied upon the representations made by the plaintiff. The wrongdoer, and not the company that acted in reliance upon representations made by the wrongdoer, must suffer the loss sustained through the removal of the building.

*By the Court.*—Judgment affirmed.