Hartsman v. Mueller, 195 Wis. 485.

---

HARTSMAN, Respondent, vs. MUELLER and another, Appellants.

*March 7—April 3, 1928.*

*Vendor and purchaser: Description of premises: Area approximately designated: Substantial variation: Rescission.*

1. The owner of premises is presumed to know the description and area thereof, and when he uses the term "approximately" to modify a definite description of the premises the term means "near to correctness" or "nearly exact;" and especially is this so where the matter is one of mathematical computation. p. 487.
2. Where the purchaser under a land contract, which purported to convey a lot approximately sixty by one hundred and forty-three feet, sought to rescind on the ground that the lot was nine feet short of the represented depth, such variation was a material misrepresentation entitling the purchaser to recover the down payment, and the plaintiff had a right to rely on the description in the contract until he obtained the abstract required to be furnished. [*Wilks v. McGovern-Place Oil Co.* 189 Wis. 420, followed.] p. 488.

APPEAL from a judgment of the circuit court for Milwaukee county: CHESTER A. FOWLER, Judge. *Affirmed.*

This is an appeal from a judgment in favor of the plaintiff and against the defendants.

An action was brought to recover the down payment on a real-estate contract, which contract the plaintiff rescinded on the ground of misrepresentation as to the size of the lot to be conveyed. The contract reads as follows:

"Milwaukee, Wisconsin.
"Dec. 31, 1926.

"Received of *A. M. Hartsman* the sum of one thousand and no-100 ($1,000) dollars, as deposit money on real estate commonly known as #285 Farwell Ave., city of Milwaukee, county of Milwaukee, state of Wisconsin, also described as lots eleven (11) and twelve (12), in block two hundred and thirty-six (236), in the continuation of A. L. Kane's subdivision, in the northeast quarter of section twenty-one (21), town seven (7) north, of range twenty-two (22) east, in the first ward, city of Milwaukee, county of Milwaukee, state of Wisconsin. The total purchase price to be seventeen thousand and no-100 ($17,000) dollars cash. Sellers agree to furnish extended abstract showing title to be free and clear of all liens and incumbrances. It is further agreed that the above described real estate shall be conveyed by warranty deed. Size of lot on the above described real estate is approximately sixty (60) by one hundred forty-three (143) feet. Deal to be closed on or before thirty (30) days from date thereof. Balance of sixteen thousand and no-100 ($16,000) dollars to be paid at the time of closing of the deal. Taxes for the year nineteen hundred twenty-six (1926) and all special assessments to be paid by sellers.

"Dr. Gilbert F. Mueller. "Dr. Gilbert Mueller,
"(Signatures)                    "By R. E. Oberst.
"Purchaser                    "A. M. Hartsman.
"W. L. Levine (Witness)."

The case was tried before the court and a jury. At the conclusion of the evidence the court directed a verdict in favor of the plaintiff, and judgment was rendered accordingly.

*Wm. A. Schroeder* and *Jacob S. Rothstein*, both of Milwaukee, for the appellants.

For the respondent there was a brief by *Stern & Hersh* of Milwaukee, and oral argument by *Emil Hersh*.

CROWNHART, J.   The plaintiff and defendants entered into a contract in writing for the sale and purchase of a parcel of real estate in the city of Milwaukee. After the plaintiff had entered into the contract for the purchase of the lot in question, which was represented as "size of lot on the above described real estate is approximately sixty (60) by one hundred forty-three (143) feet," and had paid $1,000 on the contract, he ascertained from the abstract furnished by the defendants that the lot was in fact nine feet short of the represented depth, that is, the lot was sixty by one hundred thirty-four feet, instead of sixty by one hundred forty-three feet. The plaintiff thereupon rescinded his contract and brought an action for money had and received, to recover the $1,000 down payment. The defendants claimed that there was no material misrepresentation, in view of the fact that the defendants used the term "approximately" to qualify the description, and the defendants further contend that the purchaser was bound to take notice of the size of the lot by reference to the recorded plats.

The question of what is a material variation in a description depends a good deal upon the circumstances of the particular case. Here was a lot of the value of $17,000. Each square foot would be of the approximate value of $2. The plaintiff desired to erect an apartment building upon the lot, and when he learned the true size of the lot he found that the building he had in contemplation could not be put upon it.

The owner of the premises is presumed to know the description and area thereof, and when he uses the term "approximately" to modify a definite description, the term should be held to mean "near to correctness," "nearly exact;" and especially is this so where the matter is one of mathematical computation. *Vaughan v. Ford,* 162 Mich. 37, 127 N. W. 280, 282. We have no hesitation in holding

that the variation in the size of the lot from that given in the contract is a material misrepresentation. The contract required defendants to furnish an abstract, and the plaintiff had a right to rely on the description therein until he got the abstract. As soon as the abstract disclosed the shortage, the plaintiff promptly rescinded.

We have so recently considered this matter in *Wilks v. McGovern-Place Oil Co.* 189 Wis. 420, 207 N. W. 692, that we do not deem it necessary to repeat what was there said. We think this case is governed by that decision.

*By the Court.*—The judgment of 'the circuit court is affirmed.