MARGARET C. NIXON, *Appellant*, v. TEMPLE TERRACE ESTATES, INC., et al., *Appellees*.

Division A.

Opinion filed March 30, 1929.

*Mabry, Reaves & Carlton,* for Appellants;

*Herbert S. Philips,* for Appellee.

ELLIS, J.—Margaret Nixon purchased from Temple Terrace Estates eight lots agreeing to pay therefore forty-three thousand one hundred sixty-six dollars and twenty-five cents. She paid upon the purchase price the sum of eleven thousand five hundred sixteen dollars and twenty-five cents.

To secure the payment of the balance she executed twelve promissory notes secured by four mortgages upon the property purchased. The first mortgage was on Lot 43 of Block D-6 and secured payment of three notes of $1,375.00, each due respectively September 9, 1926, 1927 and 1928. The second mortgage was on lots 20, 21 and 22 of Block D-4 and secured payment of three notes of $3,675.00, each due respectively September 12, 1926, 1927 and 1928. The third mortgage was on Lots 25, 26 and 27 of Block D-1 and secured payment of three notes of $4,250.00 each due respectively September 12, 1926, 1927, and 1928. The fourth mortgage was given to secure payment of three notes of $1,250.00 each due respectively September 12, 1926, 1927 and 1928. It is not alleged upon what property this mortgage was given.

She exhibited her bill in June, 1926, in the Circuit Court for Hillsborough County against Temple Terrace Estates, Inc.; Temple Terrace Construction Company, a corporation, and Realty Associates, a corporation. The two last named corporations she alleges to be subsidiary and affiliated companies of the Temple Terrace Estates, Inc., which is also a corporation. All three defendants are Florida corporations.

The bill alleges that the complainant was induced to purchase the lots and execute her obligations to pay the purchase price thereof by certain representations made to her by the Temple Terrace Estates, Inc., which representations she alleges were "false and untrue."

The representations were alleged to be that Temple Ter-

race Estates, Inc., had sold bonds to finance the construction of a bridge over Hillsborough River at 56th Street; and the paving of streets on which the lots face and for paving other streets in the immediate vicinity of the lots; that the bridge and the other improvements would be speedily constructed with funds then in hand provided for that sole purpose. Allegations are made as to the location of the property and the material benefit and advantage to said property which the construction of the bridge would have upon it; that the complainant relied upon the representations made by the Company and was deceived by them in the purchase of the lots; that a reasonable time had elapsed since the representations were made and the work had not been done; that no bonds had been sold and no funds provided for the purpose; that the first three notes and mortgage had been assigned to the Temple Terrace Construction Company and by it assigned to the Realty Associates; that the two assignments were made as collateral security to cover a contract existing between the two corporations.

It is alleged that upon discovering the fraud the complainant applied to the Temple Terrace Estates to cancel her notes and mortgages and return to her the money paid on the purchase price of the lots, which the said defendant has refused to do. The bill prays that the Temple Terrace Estates be required to repay to the complainant with interest the money which she paid on account of the purchase price of the lots; that the notes and mortgages be cancelled; that she be decreed to have a vendees lien upon the property to secure the repayment to her of the money paid and that the defendants be restrained from negotiating the notes and mortgages and for an accounting.

A demurrer to the bill was sustained and the complainant appealed.

The contracts for the purchase of the lots were made on September 12, 1925, and the suit was commenced in June, 1926. The demurrer attacks the bill for want of equity; misjoinder of parties; failure to allege whether the contract to purchase the lots was in writing; that the false representations alleged are not such as to entitle the complainant to the relief sought and that the complainant has an adequate remedy at law. Since the appeal the Temple Terrace Estates, Inc., has become a bankrupt and a trustee has been appointed who has been substituted as defendant in place of the defunct corporation.

The Court erred in sustaining the demurrer. The bill is not without equity, there is no misjoinder of parties and no adequate remedy at law.

The representations alleged to have been made by the Temple Terrace Estates to the complainant were as to facts and were not mere matters of opinion. That the corporation had decided to construct the bridge and pave the streets and that the funds were in hand for that sole purpose was the untrue and deceitful representation of a fact entirely within its knowledge and which if true gave to the property the sales value which it placed upon it and the complainant agreed to pay in reliance upon the representation.

The representation was as to a material point and deceitfully made. It constituted a fraud. It would be inequitable to enforce the contract. See 1 Black on Rescission and Cancellation Sec. 102; Fulkner v. Wassmer, 77 N. J. Eq. 537, 77 Atl. Rep. 341, 30 L. R. A. (N. S.) 872; Riverside Investment Co. v. Gibson, 67 Fla. 130; 64 So. R. 439; Witherwax v. Riddle, 9 West. R. (Ill.) 794.

It is a well established principle that whenever a false suggestion or suppression of truth occurs and more especially both together they afford a sufficient ground to set

aside any release or convenience. Smith v. Richards, 13 Pet. 24, 10 L. Ed. 42.

The complainant was deceived and injured by the false representations. Union Railroad Company v. Dull, 124 U. S. 173, 31 L. Ed. 417.

Any false representation of a material fact made with knowledge of its falsity and with the intent that it shall be acted upon constitutes fraud and will entitle the party deceived thereby to avoid the contract or maintain an action for the damages sustained. See Fox v. Tabel, 66 Conn. 397, 34 Atl. R. 101; Ladd v. Pigott, 114. Ill. 647, 2 N. E. R. 503; Ledbetter v. Davis, 121 Ind. 119, 22 N. E. R. 744; Burns v. Dockray, 156 Mass. 135, 30 N. E. R. 551; Ratliff v. Vandikes, 89 Va. 307, 15 S. E. R. 864; Cooper v. Schlesinger, 111 U. S. 148, 28 L. Ed. 382.

The order sustaining the demurrer to the bill is reversed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.