WARREN RUSSELL, a minor through JOHN A. RUSSELL, his next friend, v. C. R. DONALDSON, trading and doing business as Donaldson Motor Sales; W. H. & PAUL A. APPLEBY, trading as the Seaboard Finance Co. (not Inc.) and CLIFTON C. TAYLOR.

195 So. 198

Division B

Opinion Filed January 19, 1940

On Rehearing En Banc April 12, 1940

*E. F. P. Brigham,* for Petitioner;

*Knight & Green* and *Batchelor & Dyer,* for Respondents.

PER CURIAM.—This cause having been duly submitted upon the transcript of record and the briefs of counsel, the majority of the Court are of the opinion that the trial court committed no error in sustaining the motion to dismiss the bill as to the defendant, Clifton C. Taylor, and in granting the motion to transfer the cause to the law court, the Civil Court of Record in and for Dade County, Florida, for proper proceedings in said court against the other defendants, it having been made to appear to the circuit judge, after granting the motion to dismiss the cause as to defendant Taylor, that the plaintiff in said cause seeks recovery only of damages against the other defendants in said cause. (See Section 75 of 1931 Chancery Act.)

No reversible error appearing the order appealed from is hereby—

Affirmed.

TERRELL, C. J., WHITFIELD, BROWN and BUFORD, J. J., concur.

CHAPMAN, J., dissents.

CHAPMAN, J. (dissenting).—This case is now before the Court on a writ of certiorari previously granted under Rule 34 of this Court. The record discloses that on October 24, 1938, Warren Russell was a minor and owned a 1934 Chevrolet automobile, which he traded to C. R. Donaldson, trading as Donaldson Motor Sales, for a 1937 Chevrolet automobile. In exchanging the cars the parties placed a value on the 1934 car in the sum of $190.00 and 1937 Chevrolet at the sum of $649.06. The minor, Russell, paid the sum of $15.00 in cash and executed a contract and notes for the balance due on the 1937 Chevrolet in the sum of $444.06, which he agreed to pay in monthly installments of $24.67 each. The contract and notes were by the Donaldson Motor Sales assigned and transferred to the Seaboard Finance Company, and to it the minor Russell paid three installments, or some $74.01. Donaldson Motor Sales sold the 1934 Chevrolet car to Clifton C. Taylor.

When the trade was made and the cars exchanged, Donaldson fraudulently stated that the 1937 Chevrolet was in "first class running condition," when in truth and in fact it was what is commonly known among automobile dealers as "burnt up" or a "wreck," but appeared new and shiny. The engine was out of line, causing the car to shake, its starter would not work, the generator was old and dilapidated; the water pump defective and flew to pieces; the brakes were in bad condition, piston rings and cylinder walls worn and burnt out; the motor consumed twelve times more oil than a new engine; the transmission gears were worn and run down; the mechanical parts of the car were

in such a dilapidated condition that when running it made a terrible roar, racket or noise, and it was unsafe to attempt to drive the car on the public highway.

The minor, Russell, relied on the representations of C. R. Donaldson that the 1937 Chevrolet car was in first class condition and did not know at the time of the trade that the representations as to the condition of the car were false, but after attempting to drive the car for awhile he learned its true condition and requested Donaldson to place the car in first class condition according to his representations. Upon his refusal so to do, the minor Russell delivered the 1937 car to Donaldson and demanded the return of his 1934 car and all moneys paid under the contract, which was refused.

On May 1, 1939, Warren Russell, by his next friend, filed in the Circuit Court of Dade County, Florida, a bill of complaint against Donaldson Motor Sales, Seaboard Finance Company, and Clifton C. Taylor, who bought the 1934 car from Donaldson Motor Sales. The prayer of the bill seeks a rescission and cancellation of the contract of sale, an accounting, and the return to him of the 1934 car, which was then in the possession of Clifton C. Taylor. An answer was filed by the Seabord Finance Company and several motions were filed on the part of Donaldson Motor Sales and Clifton C. Taylor.

One of the grounds of each motion to dismiss was: "The bill of complaint is without equity."

On July 28, 1939, the lower court sustained the motion to dismiss the bill as to the defendant, Clifton C. Taylor, and granted a motion *ore tenus* made by the defendant Donaldson Motor Sales transferring the cause to the law court for the purpose of assessing the amount of damages against Donaldson and the Seaboard Finance Company,

and from this order an appeal has been perfected to this Court and the same is here for review.

We fully agree with the suggestion of counsel that under Section 75 of the Chanceery Act the Court below had the power to assign and transfer to the law courts for trial and disposition actions at law erroneously begun as suits in equity, but the question presented by the bill of complaint in this case is a set of facts charging fraud on the part of the Donaldson Motor Company in obtaining a 1934 Chevrolet car and some money from a minor. The minor comes into a court of equity and seeks a decree cancelling and rescinding the contract which he alleges was obtained by fraud, and for the purpose of this hearing the facts appearing in the bill of complaint are admitted to be true.

It is not necessary to cite authorities to sustain the holding that equity has jurisdiction over actions of fraud. The law likewise imposes a duty of supervision over minors and their property on the part of courts when properly presented. There is equity in the bill of complaint and we think the lower court erred in its order dismissing the bill of complaint as to Clifton C. Taylor and in the same order assigning or transferring the cause to the law court for the assessment of damages.

I think the order appealed from should be reversed and the case remanded for further proceedings in the lower court not inconsistent with the views herein expressed.

## On Rehearing

Brown, J.—In a per curiam opinion handed down by this court on January 19, 1940, the majority of the court held that the trial court committed no error in sustaining the motion to dismiss the bill as to the defendant, Clifton C. Taylor, and in granting the motion to transfer the cause to the law court, the Civil Court of Record of Dade County,

for proper proceedings in said court against the other defendants. The reasons given for this decision was that after the Court had properly granted the motion to dismiss the cause as to the defendant Taylor, the plaintiff only sought relief for damages against the other defendants. Upon this theory the order appealed from was affirmed *in toto*.

On rehearing granted, a majority of the court finds that in rendering the opinion and decision of January 19, 1940, the court overlooked the fact that in his bill the plaintiff, in addition to seeking an accounting and monetary relief for the damages which he had sustained from the alleged fraud which was practiced upon him, also prayed for the rescission and cancellation of the written contract for the purchase of the automobile from defendant Donaldson, which contract was under seal. This was an independent ground of equitable relief which made it improper for the trial court to transfer the cause to the law court, as there was still equity in the bill. See Pepple v. Rogers, 104 Fla. 462, 140 So. 205; Willis v. Fowler, 102 Fla. 35, 136 So. 358; Nixon v. Temple Terrace Estates, 97 Fla. 392, 121 So. 475.

The allegations of the bill are reviewed in the dissenting opinion filed by Mr. Justice CHAPMAN at the time this case was originally decided, as above set forth. This leaves only one point of difference between said dissenting opinion and the conclusion now arrived at, and that is that the majority of the Court are still of the opinion that the trial court was correct in sustaining the motion to dismiss the bill as to the defendant Taylor. Otherwise the Court now agrees with the dissenting opinion filed by Mr. Justice CHAPMAN when this case was handed down on January 19, 1940.

The reason why the majority of the Court are of the

opinion that no error was committed in dismissing the bill as against the defendant Taylor is that the bill contains no charges whatever of any fraud on the part of Taylor, and it appears that Taylor was an innocent purchaser for value from Donaldson, an automobile dealer, of the car which plaintiff had traded in to Donaldson as a part payment on the car which plaintiff purchased from Donaldson. Although plaintiff was a minor, nevertheless when he thus placed the car in the hands of an automobile dealer, necessarily knowing that such dealer would endeavor to sell it to some one, he is estopped from pursuing Taylor, who later purchased it, and who, so far as the allegations of the bill are concerned, had no notice or knowledge whatever of the alleged fraud which had been practiced upon plaintiff. When a person purchases a car from a licensed automobile dealer, who has the automobile along with others for sale, he has the right to believe that the dealer can convey him a good title and it is not incumbent upon him to inquire of the dealer as to the *bona fides* of the transaction by which the dealer acquired the automobile. We realize that there is some conflict in the authorities on this question where, as here, a minor is involved, but we are impressed with the fact that under the circumstances set forth in the bill the plaintiff was not entitled in equity to any relief as against the defendant Taylor, under the allegations contained in his bill.

The majority of the Court therefore adheres to its former *per curiam* order sustaining the motion to dismiss the bill as to the defendant Taylor, but our former order is vacated and set aside in so far as it affirmed the action of the court below in transferring the cause to the law court for further proceedings against the other defendants. The chancellor's order transferring the cause to the Civil Court of Record is reversed.

Affirmed in part and reversed in part.

TERRELL, C. J., WHITFIELD and BUFORD, J. J., concur.

CHAPMAN, J., adheres to dissenting opinion filed January 19, 1940.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.