## CALIFORNIA CAR CO. v. EVANS, et al.

Circuit Court, Dade County, Civil Appeal.

February 15, 1957.

Walsh, Simmonite, Budd & Walsh, Miami, for appellant.

Ernest E. Roberts, Miami, for appellee.

STANLEY MILLEDGE, Circuit Judge.

California Car Co., the holder of the certificate of title to an automobile, brought action to recover possession. Dale Evans intervened alleging ownership by virtue of a conditional sales contract in which Jolly Jack Wilson was vendor. The case was tried by a jury which found for Evans. The plaintiff appealed.

No motor vehicle certificate has ever been given Evans. If he has a title (and therefore the right to possession) of the car, it must be because Jack Wilson, *as the agent of the plaintiff*, transferred plaintiff's title. Without regard to the admissibility of the evidence of agency and taking the view of it most favorable to Evans, the evidence does not establish that Wilson was the plaintiff's agent for the purpose of selling the car.

The plaintiff authorized Barnes Recovery Agency to obtain possession of the car. Even if the Barnes Agency, having obtained possession of the car, put it on Jack Wilson's car lot and "wanted Jolly Jack to sell it for them," this is no evidence that California Car Co. authorized Wilson to sell. For such a result to be reached it would have to be established that California Car Co. not only authorized Barnes to obtain possession of the car, but also authorized Barnes to appoint an agent for California empowered to sell and transfer a title. The supposed authority of Wilson derives from Barnes, not from California.

There being no evidence whatever that Wilson was the actual agent of California, it remains to be considered whether there was an agency by estoppel. I dare say that were it not for chapter 319, Florida Statutes, the court could find an agency by estoppel. See Russell v. Donaldson (Fla.), 195 So. 198. The legislature deliberately set out to change this state of affairs by chapter 319, enacted in 1949. Dealing with the title to automobiles is now much like dealing with the title to land. Agency by estoppel was expressly repudiated and one does not acquire title to a car except by delivery of a certificate of title. See McQueen v. M & J Finance Corp. (Fla.), 59 So. 2d 49.

On the evidence at the trial the plaintiff was entitled to a directed verdict. The judgment appealed from is reversed, with directions to enter a judgment for the plaintiff with costs taxed against the defendant Evans.