**SEGAL, et al v. SCHILLER.**
No. 61 C 468.

Circuit Court, Dade County.
July 5, 1961.

John G. Dauber, North Miami Beach, for plaintiffs.

Harry H. Teitelman, Miami, for defendant.

PHILLIP GOLDMAN, Circuit Judge.

This is a suit for the cancelation and rescission of a contract (attached to the complaint as exhibit F; introduced in evidence as plaintiffs' exhibit no. 5). The defendant's answer puts in issue the material allegations of the complaint.

In fine, this suit seeks to cancel or rescind a contract relating to real estate commissions arising out of a transaction wherein the plaintiffs sold one plus acres to a religious organization not a party to this action. The purchase price for the property conveyed was $15,000. There is some urgency about the matter in that the defendant real estate broker has pending, in the Dade County civil court of record (case no. 60-6320), against the plaintiffs here, a suit for his commissions. That action is based upon the contract here sought to be canceled.

A final hearing was held in this cause on May 22, 1961. At that time the court heard the testimony of the parties and their witnesses and observed their demeanor while testifying (which is particularly important in a case such as this). Since that time the court has additionally examined the documents received in evidence and the briefs submitted by the parties at the court's request.

On the basis of the foregoing plaintiffs must, in my judgment, prevail; at least to the extent of canceling the agreement in controversy.

Without detailing the evidence, which would serve no useful purpose, it should be noted that initially there had been a deposit receipt agreement involving the purchase and sale of approxi-

mately five acres of real estate. The agreed commission to the defendant (who admittedly was the procuring broker) was $5,000. *This transaction was never consummated.*

Thereafter, through representations, inducements, and other actions, more specifically reflected by the record (and more particularly characterized by the demeanor of the parties and their witnesses), the "contract" in question came into being.

Even this agreement shows on its face that the commission of $5,000 contemplated the sale of "five acres" although admittedly it was framed so as to make the sellers responsible for a $5,000 broker's fee in any event.

Stripped of verbiage, this agreement if enforced means that the broker's commission was 33 1/3 per cent of the consideration exchanged between the purchaser and the sellers; there being no dispute but that such consideration was $15,000 for the one plus acres conveyed.

This in and of itself would seem to be unconscionable. However, the court does not rest its decision upon this fact alone. In the court's judgment (and the court so finds), the representations, inducements and conduct of the defendant and his agents fall well within the ambit of Motor Credit Corp. v. Woolverton, Fla., 99 So. 2d 286; Soud v. Hike, Fla., 56 So. 2d 462; Nixon v. Temple Terrace Estates, Inc., 97 Fla. 392, 121 So. 475; Rood Co. v. Board of Public Instruction, Fla., 102 So. 2d 139; Hartsfield v. Williams, 145 Fla. 709, 200 So. 220; 5 Fla. Jur., Cancelation, Reformation §§19, 32, 33.

There is no question but what the defendant broker was the procuring broker and that he is entitled to fair compensation for his services. In the absence of an agreement this should be arrived at on a quantum meruit basis and is, or should be by amendment, within the framework of the presently pending action at law between the parties.

One other point: the defendant, by his pleadings and his brief, questions the jurisdiction of a court of equity on the theory that the plaintiff has an adequate remedy at law.

This is not so. At law the plaintiffs would have to "live" or, more likely, "die" with the agreement in question. So far as this court knows (and defendant has certainly not shown any authority to the contrary) a court of law could not cancel, rescind or reform the agreement in question. That being so it would seem that resort to equity was necessary and equity does have the power

to act. See Willis v. Fowler, 102 Fla. 35, 136 So. 358, 5 Fla. Jur., Cancellation, Reformation, §§4 and 5.

It is accordingly ordered and decreed as follows —

The agreement of July 29, 1959 by and between the parties (exhibit F attached to the complaint; plaintiffs' exhibit no. 5 in evidence) is hereby canceled, rescinded and held to be of no legal effect whatsoever as between the parties.

This action is taken without prejudice to either party continuing the present proceeding in the civil court of record on a quantum meruit basis; either for additional compensation insofar as the broker is concerned, or for a refund (by way of counter-claim) insofar as the sellers are concerned.

Except for retaining jurisdiction for the sole purpose of implementing or enforcing the provisions of this decree, this cause shall stand dismissed.

Each party shall bear his or her respective costs.