BARKDULL, Judge.
The appellants, defendant and third-party plaintiff and third-party defendant in the trial court, seek review of an order rescinding an assignment of a real property agreement to the appellees from the appellant, Sophie D. Cohen.
Sophie Cohen was a party to a deposit receipt whereby she was to purchase three parcels of property in Richman County, Georgia, which were leased to Southland Corporation for the erection of 7-11 stores. On May 5, 1966, Sophie Cohen assigned to Melvin Landow her interest in the deposit receipt without ever taking title to the property. Appellee, Landow, allegedly purchased the assignment based upon a representation by the appellant, Levine (Cohen’s broker), that he would get a return of 7% on his investment. About a year and a half after purchasing the property, Landow found out that his return was only about 4% instead of the anticipated 7%. As a result, he brought the instant suit seeking rescission of the contract on the ground of misrepresentation by Cohen or her agents. Cohen answered by general denial and filed a third-party complaint against Levine, alleging any misrepresentation or fraud would have been that of Levine. Levine answered by general denial and the cause went to a final hearing. At the conclusion thereof, the trial court rescinded the transaction and directed Sophie Cohen to reimburse the appellees, who would then deed the property to her. She, in turn, was to be reimbursed by Levine and would then deed the property to him.
The original defendant, Cohen, contends that the trial court erred in failing to permit an amendment, after the court had announced its ruling, to allege the affirmative defense of laches; that the evidence failed to establish a right to rely on the alleged misrepresentation; and lastly, that the trial court erred in ordering the property returned to her when she was but the assignor of a purchase and sale contract.[1] We find no merit in these contentions by the appellant, Cohen.
First, the motion to amend the answer to allege the affirmative defense was not made until the trial court had announced its ruling, and we find no abuse of discretion in the trial judge’s denial of the proposed amendment at this stage of the trial proceedings. Demko v. Judge, Fla.1952, 58 So.2d 692; Parker v. Parker, Fla.App.1959, 109 So.2d 893; Maiden v. Carter, Fla.App.1970, 234 So.2d 168. Further, the evidence is clear that there was a misrepresentation as to a material fact which was relied on [to his detriment] by the appellee, Landow, to wit: the transaction did not earn him a minimum of 7% on his investment. Therefore, the property failing to produce said return, Landow was entitled to rescind said transaction. Riverside Investment Company v. Gibson, 67 Fla. 130, 64 So. 439; Nixon v. Temple Terrace Estates, Inc., 97 Fla. 392, 121 So. 475; Warner v. Harris Miami Beach, Inc., *803 Fla.App.1969, 219 So.2d 93; 33 Fla.Jur., Vendor and Purchaser, § 18S. There is no impossibility of return to the status quo. Sophie Cohen was the purchaser of a purchase and sales agreement; she assigned the contract prior to its closing date; after it was assigned, the assignee [Landow] closed the transaction. By returning the property to her she is placed in the identical position that she would have been in if she had performed the contract of purchase and sale which she assigned. Therefore, no impossibility has been demonstrated. Fairbanks, Morse & Co. v. Walker, 76 Kan. 903, 92 P. 1129; Wilks v. McGovern-Place Oil Co., 189 Wis. 420, 207 N.W. 692; 3 Black on Rescission and Cancellation, § 616, p. 1484, § 618, p. 1498.
As to the appeal by the third-party defendant, Levine [the broker], we reverse. He was never the owner of the property involved; never had a contract to purchase the property; and, in fact, was a complete stranger to the title. The effect of the trial court’s order is to mandatorily require him to purchase the property. We find no cause of action pleaded or proved which would justify such a result. Hager v. Scott, 125 Wash. 635, 216 P. 840; 3 Black on Rescission and Cancellation, § 685, p. 1635. Therefore, we reverse the final judgment rendered in favor of the third-party plaintiff without prejudice to her instituting such other proceedings to recover damages from the broker for any loss occasioned to her by his actions as her agent.
For the reasons above stated, the order directing the rescission [filed under Clerk’s File No. 70-333] be and the same is hereby affirmed, and the order on the third-party complaint directing rescission [filed under Clerk’s File No. 70-356] be and the same is hereby reversed, with directions to dismiss the third-party complaint without prejudice.
Affirmed in part; reversed in part, with directions.

. No other alleged errors were preserved for review by this court by this appellant, and errors which may appear of record but which are not fundamental have not been considered in this opinion. Mariani v. Schleman, Fla.1957, 94 So.2d 829; Alliance for Conservation of Natural Resources v. Furen, Fla.App.1960, 122 So. 2d 51; Williams v. Williams, Fla.App.1965, 172 So.2d 488; Radiation, Inc. v. Campbell, Fla.App.1967, 200 So.2d 192.