CARROLL, Judge.
The appellant Rafael Lopez Ferrer entered into a written contract with the appellees Louis Sanchez and Gloria Sanchez, his wife, for sale to the latter of certain real estate owned by Ferrer, located in Dade County, Florida. The seller was married, but his wife did not join in the contract.
Alleging the contract and default by the seller, the purchasers filed suit against the seller-owner Ferrer, in the circuit court of Dade County, for specific performance of the land sale contract. The defendant, who was a non-resident, was served by publication. He moved to quash the service, asserting it was defective “in that the complaint demands judgment to specifically perform a contract and also a personal judgment for damages.” The motion was denied and the defendant filed an answer in which he neither admitted nor denied the material allegations. Trial of the cause before the court resulted in a judgment granting specific performance. Therein it was provided that the purchasers should tender the balance of the purchase price within thirty days and thereupon the seller, Ferrer, should execute and deliver to the plaintiff-purchasers a warranty deed to the property involved, failing which the judgment should operate as a conveyance of the property from the defendant to the plaintiffs. The defendant appealed.
Appellant argues that specific performance of a contract to sell land lying within the jurisdiction of the court cannot be decreed on the basis of service upon a non-resident seller by publication. That argument is without merit. Section 49.011, Fla.Stat., F.S.A. provides for service by publication, in certain circumstances including non-residence of a party to be *513 served, in actions or proceedings therein listed including (by sub-section 1) “To enforce any legal or equitable lien or claim to any title or interest in real or personal property within the jurisdiction of the court * * *
While that sub-section of the statute does not expressly refer to specific performance of land sale contracts, the language sufficiently covers such an action or proceeding in that it refers to enforcement of any legal or equitable claim to any title or interest in real or personal property within the jurisdiction of the court. Other subsections of § 49.011 authorize service by publication in actions to quiet title or remove clouds from title; partition of lands lying within the jurisdiction of the court; for divorce or annulment of marriage; for construction of wills, deeds, contracts and for declaration or enforcements of legal or equitable rights or claims thereunder; and for a number of other types of actions the enumeration of which we omit. From the foregoing it is observed that service by publication against a non-resident seller in an action for specific performance of a land sale contract not only appears expressly authorized by sub-section 1 of § 49.011, but also it is consistent with the numerous types of actions for which substituted service is permitted by the statute.[1]
We find meritorious a contention of the appellant seller that since his wife did not join in the contract, the judgment was too broad wherein the seller, Ferrer, was directed to deliver a warranty deed to the property without provision for inclusion therein of a reservation of the inchoate dower rights of his wife (whose name does not appear in the record).
In the circumstances of this case the purchasers were entitled to elect, as they did, to seek specific performance of the sale contract, with the full consideration to be paid in return for a conveyance from the seller husband subject to the wife’s dower rights.
Accordingly the judgment in this case is affirmed, but is hereby modified and amended, in paragraph two (2) thereof, to provide that the deed to the property as therein required to be executed and delivered by the seller, Ferrer, to the purchasers, Luis Sanchez and Gloria Sanchez, his wife, may and shall contain a provision that the same is made subject to the dower rights of the present wife of the defendant grantor.
Judgment modified, and as modified affirmed.

. We pretermit ruling on a challenge to the form of service by publication, which was referred to in the oral argument but was not presented in the appellant’s brief. See: Cohen v. Landow, Fla.App.1971, 242 So.2d 801, 802, footnote No. 1.