SEABOARD AIR LINE RAILWAY, A CORPORATION, *Plaintiff in Error*, v. ROBERT NIMS, *Defendant in Error*.

1. It is not necessary that a declaration, based upon General Statutes, section 2868, the railroad fence law, should state that the accident did not happen "within the limits of an incorporated town or city," the quoted phrase, not being in the enacting part of the law, but by way of a *"proviso."*

2. When a declaration states a claim for actual damages, it is not subject to demurrer, for some supposed defect in its claim for extra statutory damages.

3. Merely quoting the grounds of a demurrer in the brief is not such argument as to call for an independent examination by the court, the defects not being glaring.

4.  The killing of an animal by an engine or train may be shown by circumstantial evidence.

5.  An ambiguity in a judgment upon a statutory penalty as entered may be cured by reading the statute into the judgment.

This case was decided by Division A.

Writ of error to the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the court.

*W. J. Oven,* for Plaintiff in Error;

*W. C. Hodges* and *Fred T. Myers,* for Defendant in Error.

COCKRELL, J.—This is an action against a railroad company for killing a horse, at a point on its line, when it was not fenced as required by statute. There was judgment for double damages and an attorney's fee.

The declaration consisted of two counts. In the first it is alleged the company was operating the railroad at the time the injury was done, and in the second, that the railroad was then being operated by receiver, appointed by the Federal Court, at its instance.

Both counts allege that the accident happened "about one mile west of Tallahassee, in Leon County, Florida." This is asserted to be insufficient in failing to negative an exception in the statute.

General Statutes, section 2868, reads:

"2868. Railroads to be fenced.—Every railroad company, or person or persons operating any railroad or railway in the State of Florida shall erect and construct and

maintain fences on both sides of its railroad suitable and sufficient to prevent the intrusion of any cattle, horses, hogs, or other domestic live stock upon its track: Provided, That no fence shall be required within the limits of any incorporated town or city, unless by the ordinances of said town or city, nor within one mile of any city of ten thousand inhabitants."

It is admitted that Tallahassee is not a city of ten thousand inhabitants and therefore the declaration does not positively show a case within the proviso, but the declaration is silent as to whether the point is within a mile of such city or within the limits of any incorporated town or city.

By Chapter 3742, those operating railroads would be required to fence both sides thereof "except through towns and cities," and by referring to the statement of the case of Jacksonville, T. & K. W. Ry. Co. v. Pryor, 34 Fla. 271, 15 South. Rep. 760, it will be seen that a Circuit Court held under that statute, the declaration should negtive the exception. The verbiage of the act was changed in 1899 to its present form and the restriction is put in the form of a proviso, possibly in the light of the distinction announced by some courts as to the necessity of pleading the one and not the other. As was said in State v. Stapp, 29 Iowa 551, "this case falls within the rule, that what comes by way of *proviso* in a statute must be insisted upon for the purposes of defense by the party accused, but that where *exceptions* are made in the enacting part of the law, then it must be charged in the indictment and proven on the trial that the case does not come within any of the exceptions." The same rule is stated in Hamilton's Gould on Pleading, p. 172. In Baeumel v. State, 26 Fla. 71, 7 South. Rep. 371, this court held that under a statute declaring "any one who shall sell spirit-

uous, vinous or malt liquors  *  *  *  shall be deemed a dealer  *  *  *  within the meaning of this act; Provided, however, that a druggist shall be allowed to use spirituous, vinous or malt liquors in compounding medicine, &c.; that being a druggist entitled to the exception was wholly defensive matter. See Schlemmer v. Buffalo &c Ry Co., 205 U. S., 1.

We think no harsher rule should apply to these quasi penal and quasi remedial statutes than to proceedings under wholly criminal laws.

Another ground urged to both counts is that the declaration did not set forth the value of the stock as claimed in the written notice. Even should this be matter of pleading and not merely of evidence, the declaration independent of the notice states a case for actual damages and a demurrer would not lie, because of a claim for statutory damages. The statute dispenses with the question of negligence.

As to the special grounds applicable only to the second count, the plaintiff in error merely groups them in one paragraph without further argument or any citation of authority. The objections are not so glaring as to call for an independent investigation upon our part, or for a reversal without such investigation.

Upon the evidence two contentions are made. It is first claimed that the evidence does not show that the accident did not happen within an incorporated town. This, however, we have held to be defensive matter and the evidence clearly indicates that the accident occurred out in the country.

No eye witness saw the horse killed, but there was circumstantial evidence from which the jury could infer that the animal was killed by the engine or train of the defendant company.

The jury returned a verdict of guilty and assessed damages at $225 for killing one bay mare, "whereupon it was" considered and adjudged by the court that the plaintiff have and recover of and from the defendant the sum of four hundred and fifty ($450.00) dollars for his damages, assessed by the jury, as aforesaid and allowed by the court as well as" his costs and attorney fee of fifty dollars allowed by the court. The criticism is that the judgment "recites that the jury has found for $450 and that this would authorize the court to enter judgment for $900. Such, however, is not a fair reading of the judgment. The record immediately preceding shows that the jury assessed the value of the mare at $225. The statute under the circumstances of this case allows double damages and the sum so assessed *and allowed* would be $450 as adjudged. Reading the statute into the judgment we find no serious objection to its form.

The judgment is affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.