Huddleston v. Graham—Syllabus

---

ELVIRA S. HUDDLESTON, *Plaintiff in Error*, v. D. S. GRAHAM, *Defendant in Error.*

Opinion Filed February 12, 1917.

Petition for Rehearing denied March 24, 1917.

1. Section 1522 of the General Statutes of Florida, 1906, providing for the admission in evidence of judgments and decrees, and certified copies thereof, does not render the original record in a cause inadmissible to prove its contents.

2. Where a decree in an equity cause is doubtful in meaning because of certain language used, and such decree is offered

in evidence to establish the point that the matter in contro-versy has been adjudicated, the court will be aided in its interpretation of the meaning of the decree by reference to the pleadings in the cause.

3. An estoppel operates against the principals and their privies.

4. Where in an equity cause the legal and equitable title to land is adjudicated as between the parties, the decree in said cause will constitute *res adjudicata* as between the same parties or their privies in a subsequent action at law involving the title to said land.

Writ of Error to Circuit Court for Palm Beach County; H. Pierre Branning, Judge.

Judgment affirmed.

*Rand & Kurtz* and *Price & Eyles,* for Plaintiff in Error;

*G. A. Worley & Son,* for Defendant in Error.

ELLIS, J.—This is an action of ejectment brought by the plaintiff in error, as plaintiff below, against the defendant in error, as defendant below. The court instructed a verdict for the defendant and to the judgment based upon the verdict the plaintiff took a writ of error.

According to the view we have of the case it is only necessary to discuss one question, namely: Whether the record of the case of R. H. Huddleston v. Nora S. Rollins, *et al.,* was admissible, and if so, whether the decree therein was *res adjudicata* as to the plaintiff in this case.

The facts as shown by the record were as follows: R. H. Huddleston entered under the homestead law the land in dispute. In November, 1883, he obtained his

final receipt. In July, 1883, by a deed of conveyance in which his wife by a separate instrument joined, the land was conveyed to Mary M. Graham. In October, 1888, R. H. Huddleston obtained a United States Patent to the land. During that year Mary M. Graham and her husband John M. Graham died, leaving surviving them Nora S. Rollins, who became administratrix of the estates of Mary M. and John M. Graham, also Mabel H. Graham, William M. Graham and Douglas S. Graham.

In 1902, R. H. Huddleston exhibited his bill in chancery in the Circuit Court for Dade County against Nora S. Rollins as administratrix of the estate of Mary M. Graham and in her own right as one of the heirs of Mary M. and John M. Graham, and Mabel H. Graham, William M. Graham and Douglas S. Graham, to declare a trust in the lands in dispute for R. H. Huddleston to the extent of one-half interest, and the defendants as the heirs of Mary M. Graham for a one-half interest. The bill recited the circumstances under which the complainant acquired the property, the conveyance by him and his wife to Mary M. Graham, the circumstances under which he claimed the trust estate was created, the death in 1888 of Mary M. and John M. Graham and the relation of the defendants as the only heirs at law of Mary M. and John M. Graham. The bill concluded with a prayer that the deed of conveyance from R. H. Huddleston and wife to Mary M. Graham "be declared a trust"; that a Master be appointed to sell the land and after paying the expenses to divide the proceeds of sale equally between the plaintiff and the defendants, according to the terms of the agreement as it was alleged was made between R. H. Huddleston and John M. Graham when the land was conveyed by the former to the wife of the latter, or that a partition of the lands be made as pro-

vided for under the statute. The defendants answered, denying the material allegations of the bill, to which the complainant filed a replication. A Master was appointed to take testimony, and the case came on to be heard upon the merits in November, 1905.

The Chancellor by his decree adjudged that the complainant had not maintained the bill of complaint, ordered it dismissed and concluded the decree as follows: "Final decree is hereby entered in favor of the defendants to this bill." A petition for rehearing was granted, which resulted in an order reaffirming the decree as rendered.

In April, 1909, R. H. Huddleston and wife executed deed to their son, C. L. Huddleston, attempting to convey the lands in dispute, and in June of the same year C. L. Huddleston and wife by deed attempted to reconvey the same lands to R. H. Huddleston.

There is evidence that in 1909 C. L. Huddleston went to Palm Beach, employed attorneys to assist him in clearing the title; that he took possession of the land, ran a two or three strand wire fence along the northern and southern boundary lines, the land lying between the Atlantic Ocean on the east and Lake Worth on the west, obtained leases from some fishermen whom they found on the place, and paid taxes for the years 1905 to 1913 inclusive.

The action of ejectment was begun in April, 1915, the case was tried in November, 1915, at which time the defendant had been living on the place about eighteen months. The plaintiff in the action is the widow of R. H. Huddleston and claims under a will of her deceased husband, who died in May, 1913. The defendant in the action is a son of Mary M. Graham. It was also admitted that Nora S. Rollins as administratrix of the

estate of Mary M. Graham paid the taxes on the lands for the years 1888 to 1897 inclusive, holds a redemption certificate dated in 1904 redeeming the property from a sale made to R. H. Huddleston in 1902; also certificates redeeming the property from tax sales made in 1903 and 1904.

The plaintiff objected to the introduction of the record in the chancery suit upon several grounds, one of which was that the papers offered in evidence were the original court files of a cause formerly pending in the Circuit Court for Dade County. Palm Beach County before its creation in 1909 was a part of Dade County, and was made a part of the Seventh Judicial Circuit, which included Dade County, and at the time of the trial of this cause formed a part of the Eleventh Circuit, which included Dade.

Statutes which provide for the admission in evidence of certified copies of judicial records, judgments and decrees are generally held to be cumulative and not restrictive; these statutes do not render the records themselves inadmissible to prove their contents. See 19 R. C. L. p. 1104.

Section 1522 of the General Statutes of Florida, 1906, provides that the judgments and decrees entered in the Circuit Courts of the State, and certified copies thereof shall be admissible as prima facie evidence in the several courts of the State, of the entry and validity of such judgments and decrees.

It was next objected in behalf of the plaintiff that the record, consisting of the pleadings and final decree in the equity cause, were irrelevant and immaterial and set up no defense or partial defense to the plaintiff's action. It is argued that the record of the judgment and decree did not constitute "res adjudicata" as against the

plaintiff.   Counsel for plaintiff in error contends that because in the final decree the court adjudged the bill of complaint to be insufficient to state a cause of action, the record does not operate as an estoppel.   The decree was not altogether what the above language might imply. The language of the decree in this regard was as follows: "The court does hereby order, adjudge and decree that the complainant has not stated in his bill of complaint sufficient cause of action to entitle him to the relief sought in his bill, and that the pleadings and the testimony in the case does not sustain the allegations in the bill, and that the complainant has not sustained or maintained by the testimony his said bill of complaint, and that the said bill of complaint be and the same is hereby dismissed with cost to the defendant to be taxed against complainant, and that final decree is hereby entered in favor of the defendants to this bill."   While there appears to be some contradiction in the language as to the court's view on the question of whether the bill was without equity, we think, in view of the decree that should have been entered if the court thought the bill was without equity, and our reading of the bill as the same appears in the transcript that the bill was not dismissed as being without any matter of equity upon which to base the relief prayed for therein, but that it was dismissed as the decree recites, because the "pleadings and the testimony in the case does not sustain the allegations in the bill, and that the complainant has not sustained or maintained by the testimony his said bill of complaint."

If the decree operates as an estoppel at all it is effective against Mrs. Elvira S. Huddleston, the plaintiff in error, because she claims under the will of her deceased husband who was the complainant in the equity

cause.   See State *ex rel.* National Subway Co. v. City of St. Louis, 145 Mo. 551, 46 S. W. Rep. 981, 42 L. R. A. 113; 1 Greenleaf on Evidence, Sec. 189; 32 Cyc. 388; 10 R. C. L. p. 1116; Prall v. Prall, 58 Fla. 496, 50 South. Rep. 867.

In this case the plaintiff claims as devisee of her husband, the defendant as heir of his mother, Mary M. Graham.   In the equity cause the complainant admitted making and executing the deed of conveyance to Mary M. Graham, thereby vesting the title in her.   This bill was filed four years after he obtained the patent from the United States government.   He only claimed by the bill an equitable half interest in the property and set up facts which if he could have established would have entitled him to the relief sought.   The legal and equitable title to this property was adjudicated in that suit, and in our opinion the decree is res adjudicata as to the plaintiff in this one.

The court had before it the same parties; that is to say, the predecessor in title of the plaintiff in error was before the court and so was the defendant in error, the same subject matter was involved, and the title under which each claims was the subject of investigation and adjudication.   The court had jurisdiction of the subject matter, and the bill was dismissed on the merits.

The other assignments of error are unnecessary to be considered.

The judgment is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.