W. E. McCook, J. R. Taylor, and Elizabeth K. Taylor, *Appellants,* v. T. J. Caruthers, Trading as T. J. Caruthers Lumber Company, *Appellee.*

Opinion Filed March 17, 1924.

This case was decided by Division B.

1. Under repeated decisions of this Court assignments of error not argued will be considered as abandoned.

2. A demurrer to a bill of complaint brought to foreclose a material man's lien is properly overruled if the bill states a cause of action, that would warrant any substantial relief.

3. On questions of fact the finding of the chancellor will not be reversed unless it clearly appears that he has erred in his conclusions.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Order affirmed.

*E. L. Bryan* and *E. B. Drumright,* for Appellants;

*Jackson & Dupree,* for Appellee.

Terrell, J.—T. J. Caruthers doing business as T. J. Caruthers Lumber Company, filed a bill in chancery against W. E. McCook, J. R. Taylor and Elizabeth K. Taylor to forclose a material man's lien on "the East half of Lot 'C' of Binkley's Addition to Fort Brooke," Tampa, Florida.

Decree *pro confesso* was taken as to Defendant McCook and a demurrer to the bill on the part of J. R. and Eliza-

beth K. Taylor was overruled. J. R. and Elizabeth K. Taylor answered, a special master was appointed who took and made report to the court of all testimony offered and taken by him, and on final hearing a decree was entered in favor of the complainant in the sum of $237.00, and the cost of suit. Appeal was taken from this decree.

There are fourteen errors assigned, but we think all may be disposed of under two heads as follows: (1) was the demurrer of J. R. and Elizabeth K. Taylor properly overruled, and (2) was the final decree in favor of complainant warranted under the law of the case and the evidence supporting it? These questions are raised by the first, thirteenth and fourteenth assignments. Assignments two to twelve both inclusive, raise objections to the admission of testimony, but none of them being argued here are under repeated decisions of this court, considered as abandoned. Lamb v. State, 50 Fla. 106, 38 South. Rep. 906; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287; Lake v. Hancock, 29 Fla. 336, 11 South. Rep. 97; Jordan v. Sayre, 24 Fla. 1, 3 South. Rep. 329.

The order overruling the demurrer is challenged on the ground that the bill is without equity, that it fails to show that defendants received the benefit of the building material alleged to have been furnished on part of complainant, that it is not shown that said materials were furnished within twelve months prior to the time of filing said bill, or that the notice of lien was filed within the time required by law or that the notice alleged to have been served on defendant J. R. Taylor was served as required by law.

The bill shows on its face that it was filed April 18, 1922, that complainant is engaged in the lumber and building supply business, that on the 13th day of March, 1922, and up to date of filing said bill J. R. Taylor was

the owner of the lands described therein, that sometime prior to March 13, 1922, J. R. Taylor entered into a contract with W. E. McCook to make certain repairs and improvements on a building situated on the lands described in said bill, the exact price of which was unknown to complainant, that said W. E. McCook purchased from complainant lumber and building material to the amount of $237.00, which was used by him in making said repairs and improvements on said property, that on the 5th day of April, 1922, J. R. Taylor was indebted to W. E. McCook on account of said repairs and improvements to an amount unknown to complainant, that on said 5th day of April, 1922, complainant served written notice of the said indebtedness of $237.00, on J. R. Taylor, that on said 5th day of April, 1922, complainant filed with the Clerk of the Circuit Court of Hillsborough County his notice of lien and that all of said materials were furnished by complainant to McCook for use on J. R. Taylor's place described in the bill between March 13th and March 23rd, 1922 of all of which facts are amply supported by the evidence. In view of this showing we think the bill stated a cause of action and the demurrer was properly overruled.

Recovery in this case is dependent on the provisions of Section 3518, Revised General Statutes of Florida, 1920, and since we hold that the bill states a cause of action the sole question presented for our determination by the 13th and 14th assignments of error resolves itself into the querry, Did the testimony warrant the finding of the chancellor? On questions of fact the finding of the chancellor will not be reversed unless it clearly appears that he has erred in his conclusions. Waterman v. Higgins, 28 Fla. 660, 10 South. Rep. 97; City of Jacksonville v. Huff, 39 Fla. 8, 21 South. Rep. 774; Johns v. Bowden, 72 Fla. 530, 73 South. Rep. 603; Sandlin v. Hunter Co., 70

Fla. 514, 70 South. Rep. 553; Manasse v. Dutton Bank, 75 Fla. 327, 78 South. Rep.. 424, *et al.*

Appellant contends that before completion on his part McCook abandoned the contract between him and Taylor, that the allegations of the bill were not supported by a preponderance of the evidence and in consequence thereof decree should have been in his favor. The making of the contract between McCook and Taylor, the furnishing of the material by complainant, the indebtedness for the material, the use of the material and the giving of the notice as alleged in the bill, and all other facts necessary to complainant's recovery are proven by the evidence.

Under the law governing the case the question of the completion of the contract is not material to complainant's right of recovery.

The contract, the furnishing of the materials and an amount due by Taylor to McCook sufficient to cover complainant's claim, at the time of the notice herein being amply supported by the testimony, the order of the Circuit Court of Hillsborough County is affirmed.

WHITFIELD, P. J., and WEST, J. J., concur.

TAYLOR, C. J., and ELLIS and BROWNE, J. J., concur in the opinion.