MICHAEL E. WHITE, *Plaintiff in Error,* vs. CHARLES S. CRANDALL, et al., *Defendants in Error.*

137 So. 272.

143 So. 871.

En Banc.

Opinion filed November 13, 1931.

Rehearing denied January 7, 1932.

Opinion rehearing filed May 11, 1932.

Opinion rehearing filed September 14, 1932.

*C. L. McCoy,* of Fort Worth, and *W. F. Finch,* of West Palm Beach, for Plaintiff in Error;

*Baxter & Walton,* of Fort Lauderdale, for Defendants in Error.

PER CURIAM.—While in procedural matters a wide discretion is accorded the trial court, yet in the absence of anything to indicate trifling with the processes of the court, a final judgment on demurrer to pleas should not in general be rendered the same day an order sustaining a demurrer is filed for record, where the defendant or his counsel has no knowledge or notice of the order sustaining the demurrer without leave to amend, or of the application for final judgment made the same day the order on the demurrer is filed for record.

PER CURIAM.—In an action upon promissory notes a demurrer to the defendant's first set of pleas was sustained and amended pleas were filed and a demurrer thereto was set for hearing June 5, 1929. On June 12, 1929, the court made the following order:

"The Court has heard the argument of counsel for the respective parties hereto upon the plaintiff's demurrer to the defendant's amended pleas and has duly considered the matter.

It is ORDERED AND ADJUDGED that said demurrer be, and it is, sustained as to each and every of said amended pleas, without leave to the defendant to file herein further or amended plea or pleas."

The order was "filed for record 13th day of June 1929." On June 13, 1929, counsel for the plaintiff filed

a motion for final judgment upon demurrer, and final judgment was rendered the same day. It does not appear that the proceedings were had in term time. The amended pleas were not stricken as being wholly improper, and further amendment might be appropriate. The order sustaining the demurrer to the amended pleas indicates the defendant's counsel was not present when the order was made, and there is nothing to indicate that the defendant or his counsel had knowledge or notice of the order sustaining the demurrer to the amended pleas, or of the motion for final judgment on demurrer. As the demurrer was sustained "without leave to amend," counsel for the defendant should have been notified of the order made June 12th and filed for record June 13th, before final judgment was rendered the same day, on June 13, 1929. While in procedural matters a wide discretion is accorded the trial court, yet in the absence of anything to indicate trifling with the process of the court, a final judgment on demurrer to pleas should not in general be rendered the same day an order sustaining a demurrer is filed for record, where the defendant or his counsel has no knowledge or notice of the order sustaining the demurrer without leave to amend, or of the application for final judgment made the same day the order on the demurrer is filed for record.

Reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., not participating.

---

### ON PETITION FOR REHEARING.
### Division B.

PER CURIAM.—The judgment in this case was reversed November 13, 1931, because the Court entered final judgment against defendant on sustaining demurrers to pleas,

where counsel for defendants had no knowledge of this action and no notice thereof was given.

A petition for rehearing suggests that the opinion reverses the judgment of the lower court solely because of procedural matters which were not assigned as error, or which having been assigned as error, were abandoned or waived by failure to argue the assignments.

The previous opinion is in harmony with the principle of law, long established and adhered to by this court, to the effect that all litigants should have an opportunity to properly formulate and present the issues involved in litigated matters, and that the trial judge has no right to peremptorily and without notice to adverse parties, deny litigants the right to interpose and properly formulate defenses to actions in courts of law. Hart v. Prince, 97 Fla. 1087, 125 So. Rep. 243.

The entry of final judgment as it appears in the transcript expressly recites that "this day came the plaintiffs, by their attorneys of record in this cause, and move the court for final judgment on demurrer, and it appearing to the Court that the demurrer of the plaintiffs to the defendants' amended pleas was sustained to each and every of said amended pleas, without leave to the defendant in this cause, further or amended plea or pleas, . . . . and it further appearing to the court that the plaintiffs are entitled to entry of final judgment, and ought to have and recover of and from the defendant, Michael E. White, their damages sustained herein by reason of the premises, wherefore plaintiffs having filed and submitted the two original promissory notes sued on as their cause of action . . . . it is therefore considered, ordered and adjudged by the Court that the plaintiffs, Charles S. Crandall and Ada M. Crandall, . . . . do have and recover etc.,"

Whatever presumptions would otherwise obtain in

favor of the judgment (Stokely vs. Conner, 69 Fla. 412, 68 So. 452) are overthrown by the recital to the effect that judgment was entered and damages assessed at the instance of the plaintiffs alone, without knowledge of, or notice to, the defendant who was not in default, and who was entitled to be notified of the assessment of damages and to contest the same as to amount if he saw fit. Even in cases of defaults, defendants have the right to contest the question of damages (Watson vs. Seat, 8 Fla. 446) and where defendant is not in default, but judgment is being entered against him on a demurrer sustained to his pleas, he is not only entitled to the right to contest the damages, but to notice of the subsequent proceedings as well, so that he might take proper steps in the form of motions and other proceedings to have his rights recognized and the proper record entries made to enable him to take writ of error, if he so desires.

While in this case there are assignments of error directed against the propriety and lawfulness of the entry of the final judgment appealed from, this Court has held that it can, and will consider without assignment, such errors as are jurisdictional and fundamental in character. Gunn v. State, 78 Fla. 599, 83 So. 511; Parker vs. Dekle, 35 Sou. Rep. 4, 46 Fla. 452; Hoodless vs. Jernigan, 46 Fla. 213, 35 Sou. Rep. 656; Lovett vs. Lovett, 93 Fla. 611, 112 Sou. Rep. 768; Demeter Land Co. vs. Florida Public Service Co., 99 Fla. 954, 128 Sou. Rep. 402. Fundamental errors of law apparent on the face of the record constitute an exception to the rule that errors not assigned or not argued will not be considered by an appellate court, or will be treated as abandoned. Parker vs. Dekle, supra.

To enter judgment against a defendant as if he were in default, when he is not shown to have been adjudged in default, is a fundamental error of the character which

may be considered by an appellate court within the foregoing rule, and the judgment reversed therefor, in order that appropriate proceedings may be taken to have a proper judgment entered, and a proper opportunity afforded the injured party to present such matters as may enable him to develop a record such as will support proper assignments of error, in the event he desires to prosecute a writ of error.

The error for which the judgment has been reversed in this case is not the bare fact of entry of judgment against defendant on sustaining demurrers to his pleas, immediately or thereafter, but is because the court entered an order sustaining the demurrers to the pleas and thereafter assessed damages and entered a final judgment against the defendant, *without his knowledge and without notice to him of such procedure,*—the latter fact being plainly deducible from the recitals shown in the final judgment itself.

The reversal leaves the case exactly where it was when the court sustained demurrers to the pleas, and appropriate proceedings may be taken to have a proper assessment of damages made and a proper final judgment entered, on the demurrer to the pleas which has been sustained, notice thereof being first given to the defendant who is not in default merely because demurrers to his pleas have been sustained and permission to plead further refused.

As a general rule, defendant who has been refused permission to plead further, has the right to *tender* further pleas for filing in order that they may be considered by the court, and if permission to file them is refused, to have the refusal properly excepted to and made the basis for inclusion in a bill of exceptions as a predicate to appellate consideration and review on writ of error. Notice or knowledge on defendant's part that

the court has sustained demurrers to his pleas and proposes to enter final judgment without permission to plead further, is therefore an essential requirement of law, which it will be error for the court to ignore in entering final judgment under such circumstances, and no previous decision of this court appears to hold otherwise as to the requirement of either knowledge or notice to a party not in default.

Upon remand of this cause the Court may either enter final judgment on the demurrers which have been sustained, or may permit further pleadings by defendant, but in either event, defendant should be advised of the proceedings to be taken further, before his rights are finally foreclosed by a final judgment against him, since he is not in default. The record before the court is not sufficient to support a presumption in favor of the judgment that this important right has been accorded to the defendant in regard to the present judgment, therefore the judgment has been properly reversed by this court for the fundamental error apparent on the face of the record, if for no other good and sufficient reason, and the petition for a rehearing should accordingly be denied.

Petition for a rehearing denied.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

---

## ON PETITION FOR REHEARING.
### Division A.

ELLIS, J.—The action of this Court in reversing the judgment of the trial court has brought forth such urgent, insistent protests from counsel for the defendants in error that we feel constrained to review our former holdings and again consider the record, which counsel insist furnishes no substantial ground for the conclusion

reached; that the alleged error upon which the decision rests was harmless in the light of the proceedings as disclosed by the record, was not jurisdictional in character, and the assignments of error which challenged such action of the court upon which the reversal was based were abandoned.

This Court, by decision filed November 13, 1931, reversed the judgment of the trial court which was entered on the same day that an order was made by the court sustaining the plaintiff's demurrer to the amended pleas which were interposed to the declaration. In reaching its conclusion this Court said: ''While in procedural matters a wide discretion is accorded the trial court, yet in the absence of anything to indicate trifling with the processes of the court, a final judgment on demurrer to pleas should not in general be rendered the same day an order sustaining a demurrer is filed for record, where the defendant or his counsel has no knowledge or notice of the order sustaining the demurrer without leave to amend, or of the application for final judgment made the same day the order on the demurrer is filed for record.''

It is apparent from that language that the court did not question the power of the trial court, that is to say, its jurisdiction to enter the judgment in the circumstances disclosed by the record, but questioned only the propriety of the discretion exercised in entering a judgment for the plaintiffs upon the same day that an order was filed sustaining the plaintiffs' demurrer to the defendant's pleas ''where the defendant or his counsel has no knowledge or notice of the order sustaining the demurrer without leave to amend, or of the application for final judgment made the same day the order on the demurrer is filed for record''. The inference from the above quoted language is clear that if the defendant or his

counsel had had notice of the order sustaining the demurrer or if an application had been made, with notice to the defendant, for judgment a different situation would have been presented in which no element of error would have impaired the trial court's ·exercise of discretion.

A petition for a rehearing was filed on November 23, 1931, in which it was pointed out that the judgment was reversed because of procedural matters which were not assigned as error and other procedural matters which after having been assigned as error were abandoned by plaintiff in error because of failure to argue such assignments; that no assignment of error was based upon the alleged want of notice to the defendant of the order on demurrer or lack of knowledge on defendant's part of such order before the judgment was entered; that the failure of the plaintiff in error to assign such alleged errors of procedure mislead the defendants in error into a sense of security afforded by the decisions of this Court holding that a trial court on sustaining a demurrer to pleas may immediately or thereafter enter final judgment on the demurrer and that consideration by the appellate court will be confined to errors assigned and argued by the plaintiff in error and that errors not assigned will not be considered.

It is pointed out with much cogency of reasoning that defendants in error were thus mislead to their injury in not availing themselves of the provisions of Special Rule 2 under which by additional instructions to the Clerk the transcript might have been made to disclose the true situation which was that the defendant, plaintiff in error here, did not desire to amend his pleas and was willing for the judgment to be entered in order that he might test immediately the correctness of the order sustaining the demurrer.

The conclusion is irresistible that if the action of the court in entering the judgment was not void for lack of power to do so but was a mere irregularity of procedure, which would or would not be considered an abuse of discretion according to the circumstances in which the action was taken the defendant could have waived such irregularity expressly or impliedly and by failing to assign any error upon or failing to argue any assignment of error based upon any phase of such irregularity has indeed affirmatively waived such irregularity and is therefore in no position to claim or receive any benefit in this proceeding by reason of any such alleged irregularity.

It is also apparent that the negative inference drawn from the failure of the record in the circumstances to affirmatively disclose knowledge by the defendant of the judgment or his willingness to have the same entered that he was deprived of the privilege of tendering other pleas is a fallacy, not only because the plaintiff in error has failed to make the alleged error, consisting in an abuse of discretion, affirmatively to appear but because in procedural matters as well as all other matters in which the court acts within its jurisdiction the presumption obtains that all things were done and rules observed which are necessary to impart verity and binding force to the judgment. See Clements v. State, 51 Fla. 6, 40 South. Rep. 432; Stewart v. DeLand-Lake Helen Special Road & Bridge Dist. in Volusia Co., 71 Fla. 158, 71 South. Rep. 42; City of West Palm Beach v. Ryder, 73 Fla. 558, 74 South. Rep. 603; People's Realty Co. vs. Southern Colonization Co., 78 Fla. 628, 83 South. Rep. 527.

Only such portions of the record as may be directed to be incorporated therein by the written demands of the parties are necessary to be included in the transcript.

"Therefore the absence from a transcript of record of any evidence of this or that necessary step or action having been taken in the court below in a cause is not affirmative evidence to the appellate court that such necessary step or action was not in fact taken therein." Stokely v. Connor, 69 Fla. 412, 68 South. Rep. 452.

The petition for a rehearing was denied by an order made January 7, 1932. The last decision of the Court rests upon the proposition that the entry of the judgment by the court below is affirmatively shown by the record to have been made while the defendant was not in default and who was "entitled to be notified of the assessment of damages and to contest the same as to amount if he saw fit", but who had no knowledge of the plaintiffs' application for the judgment which was entered without notice to the defendant. That, it is stated, is a fundamental error of law on the face of the record and constitutes an exception to the rule that errors not assigned or not argued will not be considered by an appellate court. The opinion states that the error for which the judgment is reversed "is not the bare fact of entry of judgment against defendant on sustaining demurrers to his pleas, immediately or thereafter, but is because the court entered an order sustaining the demurrers to the pleas and thereafter assessed damages and entered final judgment against the defendant *without his knowledge and without notice to him of such procedure*".

It is also stated in the opinion that such fact is "plainly deducible from the recitals shown in the final judgment itself."

The record discloses that the judgment entered was not on default but was on the demurrer to the pleas and that the demurrer was sustained without leave to plead further. The judgment entry recites that it further appeared "to the court that the plaintiffs are entitled

to entry of final judgment and ought to have and recover of and from the defendant Michael E. White, their damages sustained herein by reason of the premises''. To say that the fact is plainly deducible from the recitals shown in the judgment, that the judgment was entered against the defendant without his knowledge and without notice to him of such procedure is to use hyperbole. So far from such fact being plainly deducible from the language of the judgment, it may with more accuracy be said that the contrary appears, for how could it appear to the court that the plaintiff was ''entitled to *entry of final* judgment'' unless the judge was aware that all required notices were given and procedural rules observed which were necessary to entitle the plaintiffs to the entry of judgment.

Where the presumption in favor of the correctness of the judgment is considered the recitals of the judgment amount to an affirmative statement that the defendant had knowledge of the judgment and ample notice of the procedure, if indeed such knowledge and notice were essential in the circumstances.

The last opinion in the case presumes that error was committed instead of following the contrary rule that error will not be presumed and must be made clearly to appear before the judgment will fall. The error thus made to appear is also required to be in its nature material and harmful otherwise the judgment will stand.

The right to be heard on the assessment of damages, that is to say, upon the matter of ascertaining the amount of damages to be awarded to the plaintiff, may be of value to the defendant if he desires to be heard where the action is for unliquidated damages for a breach of contract or the commission of a tort, but of what possible benefit it can be to him where the action is upon a written promise to pay a definite sum of money

with interest and the amount to be recovered is a mere matter of mathematical calculation is impossible to perceive.

The declaration was upon two promissory notes to pay sums certain upon specific dates with interest at six per cent per annum and each note bearing the same date. The declaration was filed in March, 1929. There was a plea of privilege to be sued in Palm Beach County instead of Broward County where the action was brought and a demurrer to the plea was sustained. On April 13th eight pleas were interposed to the declaration. They were very lengthy consisting of seventeen pages of typewritten matter. In none of the pleas was the execution of the notes denied.

Demurrer to all the pleas was sustained on May 4, 1929. By order of the court leave was granted to the defendant to file amended or further pleas. The permission was granted on condition that notice of the application should be given by the defendant to the plaintiffs accompanied by a copy of the proposed amended pleas. The time within which the application should be made for leave to file the pleas was extended upon motion of defendant's counsel to May 29, 1929. On that date nine amended pleas were filed comprising nineteen pages of typewritten matter in none of which was the execution of the notes denied. Demurrers to those pleas, comprising thirty-one pages of typewritten matter, were interposed and on the 12th day of June, 1931, the court sustained the demurrers to each of the pleas ''without leave to the defendant to file herein further or amended plea or pleas''.

On the 13th of June motion for final judgment was made, affidavits submitted, the notes were produced and the amount of indebtedness ascertained by mathematical

calculation, attorneys' fees allowed upon affidavit and judgment duly entered.

A writ of error was taken to the judgment a month later and made returnable two months and twenty days later. The record in the case discloses most clearly that the defense and only defense which the defendant conceived that it was possible for him to interpose was fully set forth in the original and amended pleas. Whether he should have been allowed an opportunity to file a second amended set of ples in an effort to present a valid defense is not now under consideration but may be involved under other assignments of error, but for the purpose of this discussion that question is immaterial. .

Assuming that the court made no error in sustaining the demurrer to the amended pleas and declining to allow the defendant to interpose further pleas, there was nothing whatsoever remaining to be done but enter a final judgment on the demurrer and calculate the amount of principal and interest due upon the written promise to pay.

So in that matter no harm whatsoever was done to the defendant and there was no error whatsoever in the court's action. The petition for a rehearing was denied as stated and a motion was made to stay the issuing of a mandate and a supplemental petition for a rehearing was filed.

The mandate should be stayed and the petition for a rehearing should be granted. See Chapman v. St. Stephens Protestant Episcopal Church, decided January Term, 1932.

So ordered.

. BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND DAVIS, J., concur in the opinion and order,

## On Rehearing.
### Division A.

Ellis, J.—A writ of error was taken by Michael E. White to a judgment entered against him in the Circuit Court for Broward County in favor of Charles S. Candall and Ada M. Crandall, a married woman suing by her husband and next friend Charles S. Crandall, in the sum of twenty-two thousand three hundred and twenty-five dollars and eighty-four cents on June 13, 1929.

The action was brought by the Crandalls upon two promissory notes signed by Michael E. White and Matilda White, each note dated February 3, 1926, and each payable to the order of Charles S. Crandall and Ada M. Crandall in the sum of eight thousand three hundred and thirty-three dollars with interest at the rate of six per cent per annum from date payable annually, one payable on or before one year after date and the other payable on or before two years after date.

The declaration was filed March 4, 1929, two years after the due date of the first note and one year after the due date of the second. The declaration alleged that no part of the principal or interest was paid upon either note but a credit of five hundred and nineteen dollars and twenty-three cents upon the first note on attorneys' fees was allowed in the foreclosure of a certain real estate mortgage by the Crandalls "against the defendant securing the payment of the aforesaid promissory note". A copy of each note was attached to the declaration as the cause of action upon each count.

The declaration alleged that the defendant was indebted to the plaintiffs in the sum of principal of each note with interest and reasonable attorneys' fees.

A plea called a plea to the jurisdiction was interposed by the defendant White averring that he did not reside in Broward County but that he resided in Palm Beach County and that the cause of action did not accrue in

Broward County. The declaration alleged that the notes were payable at Fort Lauderdale Bank & Trust Company, Fort Lauderdale, Florida. A demurrer to that plea was interposed by the plaintiff.

On March 28, 1929, the court sustained the demurrer by an order dated March 28, 1928. The latter date appears to be a clerical error as the transcript of the record recites that the order was entered on March 28, 1929, and was filed on that date, Ten days were allowed the defendant in which to plead. By stipulation between counsel the time allowed defendant in which to plead was extended to April 15, 1929.

Eight pleas to the declaration were interposed by defendant. Demurrers to these pleas were sustained on May 4, 1929, and lief was granted to the defendant to apply to the court within fifteen days from the date of the order for leave to file amended or further pleas on condition that notice of application be given to plaintiff and a copy of such purported or amended pleas be furnished to them. Assignments of error numbered from one to nine inclusive based upon the orders of the court sustaining the demurrer to the so-called plea to the jurisdiction and the demurrers to the eight original pleas were expressly waived by plaintiff in error in the brief filed by counsel in his behalf. There were twenty-one assignments of error. Of the twelve remaining the nineteenth, twentieth and twenty-first based upon the alleged error of the court in entering final judgment for the plaintiffs were not argued and therefore will be considered abandoned. See Southern Express Co. v. Van Meter, 17 Fla. 783; Bloodworth v. Lippincott, 78 Fla. 261, 82 South. Rep. 827; Porter v. Parslow, 39 Fla. 50, 21 South. Rep. 574; Seaboard Air Line Ry. Co. v. Nims, 61 Fla. 420, 54 South. Rep. 779; Jordan v. Sayre, 24 Fla. 1, 3 South. Rep. 329.; McCook v. Caruthers, 87 Fla. 238, 99

South. Rep. 559; Crawford v. State, 86 Fla. 94, 97 South.
Rep. 288.

The above statement is made, seemingly unnecessary
though it may be, because in the brief filed by attorneys
for defendant it is stated that this Court in this case is
confronted "with one of the most glaring cases of oppres-
sion that will ever come before the court" and further
that "If there were ever a case in which a court was
used, or attempted to be used by litigants in an attempt
to extort money to which they were not entitled, it is in
this case".

The language quoted is very severe and its propriety
doubtful in any case where errors of the trial court are
apparent and the successful party stands to obtain an
illegal advantage. So the above statement is given of the
progress of the case that it may be seen that nothing
in the nature of oppression, or an attempt to use the
court "to extort money to which plaintiffs were not en-
titled" appears from the record's disclosures to the
point of the interposition of the amended pleas allowed
by the order of May 4, 1929.

It remains to be seen whether the record discloses any
substantial error in the further progress of the case as
that question may be determined by the orderly rules of
pleading and procedure or the substantive law of the
case.

In the third opinion filed in this case which was on
May 11, 1932, it was said in substance after a review of
the proceedings that assuming no error was made in
sustaining the demurrer to the amended pleas and de-
clining to allow the defendant to file further pleas,
nothing remained for the court to do but enter a judg-
ment on the demurrer and calculate the amount of the
principal and interest due upon the written promise to
pay, so in that matter no harm whatsoever was done to

the defendant and there was no error whatsoever in the court's action.

We will therefore consider the remaining assignments of error numbered from ten to eighteen inclusive all resting upon the court's order in sustaining demurrers to the amended pleas numbered from one to nine inclusive. Those pleas were filed on May 29, 1929, pursuant to an order made by the court on that day allowing the defendant to interpose the pleas. They were set out in thirty pages of typewritten matter and four pages containing a copy of a deed of conveyance from Mr. and Mrs. Crandall to Michael E. White conveying the fee simple title to certain lots of land in Broward County.

The plaintiffs demurred to the amended pleas, nine in number. The demurrer itself covered thirty-two pages of typewritten matter. After due notice of hearing the court by order dated June 12, 1929, sustained the demurrer to each and every of the amended pleas without leave to file further or amended pleas. No complaint of that phase of the order denying leave to file further or amended pleas is made, and no injustice is apparent in that matter from the record.

So the only question to be determined is whether the pleas constituted a defense to the declaration and complied with the rules of pleading in the manner presented.

When this case came first to be heard in this court an order was entered reversing the judgment. The reason given in the opinion was that there was nothing to indicate that the defendant White or his counsel had knowledge or notice of the order sustaining the demurrer to the amended pleas or the motion for final judgment on demurrer and as the order was without leave to amend the court was in error in entering judgment without notice to defendant on the same day the order sustaining the demurrer was made.

The order of this court was made November 13, 1931. A petition for a rehearing was denied on January 7, 1932, the opinion of the court following the same line of reasoning as given in the first opinion.

On May 11, 1932, this court again reviewing the case upon a second petition for a rehearing ordered that the mandate should be stayed and a rehearing granted. The effect of that order was not to reverse the former order of reversal but to hold it in abeyance or to suspend it pending a further consideration of the cause although the opinion of the court upon the first hearing and the opinion denying the first petition for a rehearing were by the last opinion rescinded as inapplicable to the situation presented by the record in that it was not deducible from the record that the entry of judgment was irregular or not in conformity to usual and correct procedure or that the plaintiff in error suffered any injury or was in anywise aggrieved by the entry of the judgment in the circumstances in so far as the procedure was involved. The court being of the opinion that the question for consideration was the sufficiency of the amended pleas and whether there was error in not allowing the defendant an opportunity to present other pleas when the demurrer was sustained if there were any assignments of error based upon that phase of the order. As has been pointed out no assignment of error has been made upon that phase of the order so that question will not be considered as the record discloses no error of any degree of discernibility in that regard harmful to the defendant.

This defendant, by the first amended plea, undertook to set up the defense of lack of consideration for the notes. The facts averred were that the defendant executed the notes as and for a portion of the purchase price of two or more lots or tracts of land situated in Ft. Lauderdale, Florida, which the defendant purchased

from the plaintiffs at the price of $27,000. and made a cash payment of ten thousand dollars. It is averred however that the transaction was void because of false representations made to the defendant by plaintiffs or their agents with power to bind the plaintiffs in making such representation.

The false representations were averred to consist of opinions as to market value of the lots sold; that a great number of apartment houses, hotels, office buildings and store buildings were being erected or would be erected in the immediate future in the vicinity of the lots sold and that within ninety days the plaintiffs would resell the property for the defendant at a profit which the plaintiffs failed to do. The defendant relied upon such representations, purchased the property, made the cash payment, executed the notes and a mortgage ''embracing the said lands'' to secure the indebtedness evidenced by the notes. The plea avers that the plaintiffs foreclosed the mortgage and became the purchasers of the lands for the sum of six hundred dollars. The plea also avers that for two years the defendant was vested with the title to the land and was in position to reconvey it to the plaintiffs in settlement of the indebtedness and prevailed upon the plaintiffs to accept a reconveyance of such title to them in settlement thereof and the defendant would be in a position to do so but for the fact of such foreclosure proceeding and sale.

The plea is clearly bad, not only because it fails to aver any fact to establish fraud in the sale of the land but clearly shows that whatever defense the defendant offered to the action on the notes was known to him and available to him in the foreclosure proceedings and whether he availed himself of such defense or not the decree in the foreclosure suit is binding upon him in so far as it established the legal existence of the debt con-

stituting the basis of the mortgage lien which was enforced by decree of the court. As to the defendant, that decree is *res adjudicata*. See Huddleston v. Graham, 73 Fla. 350, 74 South. Rep. 414.

But the plea admits the existence of a consideration for the notes namely the purchase of the property by him and the conveyance of it to him, the title to which remained in him until it was divested by sale under foreclosure proceedings. The averments as to market price, the prospect of other buildings being erected in the vicinity and others actually being built, and the promise to resell the lots purchased at a profit within a short time do not constitute, under any authority which this court has ever followed on such question, such fraud as to render the transaction void or a basis even for the rescission of the contract. The case presented by the plea is not within the rule announced in Nixon v. Temple Terrace Estates, 97 Fla. 392, 121 South. Rep. 475, in that in the plea here presented there is no averment that the plaintiff intended to erect such buildings and that the money was on hand appropriated and set apart for that purpose solely. See Smith v. Homeseekers Realty Co., 97 Fla. 236, 122 South. Rep. 708; Sun City Holding Co. v. Schoenfeld, 97 Fla. 777, 122 South. Rep. 252; Glass v. Craig, 83 Fla. 408, 91 South. Rep. 332; Stokes v. Victory Land Co., 99 Fla. 795, 128 South. Rep. 408; Criner v. State, 92 Fla. 483, 109 South. Rep. 417.

The plea is also defective in not averring that the defendant was so situated that inspection of the premises by him was impossible or inconvenient or that he was without equal means of information or that he was unacquainted with the location. See Riverside Inv. Co. v. Gibson, 67 Fla. 130, 64 South. Rep. 439. Nor was it averred that the relations of the parties were such that the defendant had a right growing out of such relations

to rely upon the representations. See Hart v. Marbury, 82 Fla. 317, 90 South. Rep. 173.

Nor was there an averment that at the time of the alleged representations by plaintiffs or their agents they knew the same to be false and were made for the purpose of deceiving defendant. See Hancoy Holding Co. v. Lambright, 101 Fla. 128, 133 South. Rep. 631; Pepple v. Rogers, 104 Fla. 462, 140 Sou. Rep. 205.

The plea is also subject to criticism for indefiniteness because the averment that the alleged representations were made by the plaintiffs, or through their duly constituted agent with power to bind the plaintiffs, is a conclusion of law as to the agent's authority. If the agent made the representations and they were false and concerning a material fact the averment should be clear that the plaintiff authorized the agent to make such false statement or that he was within the scope of his employment as agent to make such representations. The plea avers that in making the sale the agent was within the scope of his authority but there is appended to that averment the conclusion of law that he was empowered by that authority to make the false representations.

An examination of the cases cited by the counsel for plaintiff in error in support of the plea we think shows them to be not analogous to the case made by the plea under consideration. It would require the lengthening of this opinion to an unreasonable degree to discuss the cases in detail. The principles of law for which counsel contend are not disputed but they do not apply to the defense made by the plea under consideration. Take the first case cited, McMillan v. Am. Suburban Corp., 136 Tenn. 53, 188 S. W. Rep. 615, L. R. A. 1917 B 401, relating to a failure of consideration as a defense in an action upon promissory notes. The plea in the instant case undertook to set up the defense of no consideration

for the notes in that they were given for the purchase of land in a transaction in which the plaintiff's fraud annulled the obligation. In the McMillan case it could not be claimed, said the court, that the contract of sale was induced by fraud or mistake or that the vendor company is insolvent but it was a case involving the right of the vendor to rescind an executory contract of sale because of the vendor's breach of a covenant or guaranty to make improvements.

In counsel's brief the plea is construed as one setting up a failure of consideration yet the plea avers that there was no consideration and then proceeds to aver a state of facts as stated above which it is claimed established a fraud which annulled the transaction which otherwise would have been a consideration.

One of the essential elements of pleading is certainty. As a defendant is entitled to know the nature and cause of the accusation against him, that is to say the ground upon which it is sought to hold him liable, so the plaintiff is entitled to know with reasonable certainty the ground upon which the defendant says the plaintiff should not recover. If it is a case of no consideration the pleas should contain averments that the defendant received no benefit from the property purchased as the plea itself negatives the idea that the notes were given for a service to be performed as consideration for the note. See Ahren v. Willis, 6 Fla. 359, Jones v. Streeter, 8 Fla. 83.

But assuming that the plea may be treated as a total or partial failure of consideration under Sec. 4329 C. G. L. 1927, the averments constituting the grounds of defense are not sufficient to support the plea as heretofore pointed out.

The rule requiring an averment in the plea in case of total failure of consideration that defendant received no

benefit was recognized in Barcus v. Wood, 92 Fla. 763, 110 South. Rep. 265. And a plea which sets up in bar of an action a total failure of consideration but shows only a partial failure is bad on demurrer. 4 Ency. Pl. & Prac. 951.

The notes sued on in this case were under seal. While not affecting their negotiability nevertheless the seal rendered them effectual as contracts under seal. See Grand Lodge K. of P. of Florida v. State Bank of Florida, 79 Fla. 471, 84 South. Rep. 528.

The averment that the defendant prevailed upon the plaintiffs to accept a reconveyance of the title is not effective as a plea of satisfaction and discharge or release. There was no error in sustaining the demurrer to the first plea.

The second amended plea undertakes to present the defense of no consideration for the notes based upon averments which in substance are that the plaintiffs with intent to cheat and swindle the defendant falsely and fraudulently represented to him that the plaintiffs were lawfully seized of an indefeasible title to the land, had good right to sell and lawful authority to sell the fee simple title free of incumbrances and adverse claims and would warrant and defend the title to the same against all persons whomsoever; that relying upon such representations defendant purchased the lands from the plaintiffs for the consideration of $27,000. "without making any investigation whatsoever to ascertain whether or not the plaintiffs were seized and possessed of such title on or about the day the notes sued upon bear date."

The averment is made that defendant paid $10,000. and executed the notes for the balance and the plaintiffs executed and delivered to the defendant a deed of conveyance to the land which deed contained the "usual common law covenants of warranty". A copy of the

deed is attached and by appropriate words is made a part of the plea. The covenants contained in the deed are that the grantors are "lawfully seized of the premises and that they have good right and lawful authority to sell the same" and that they "fully warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever". It is averred that the covenant of seizin was breached upon delivery of the deed because in the deed under which plaintiffs held title there were certain restrictions relating to the character of buildings which may be erected upon the property, a right of way of five feet across the rear end of the lots was reserved and restrictions upon the sale of the property to other than a person of the Caucasian race. It is averred that the defendant has never had possession of the land and has never been able to get possession of it and to enjoy the free and unrestricted use of it.

It is averred that for two years the defendant was vested with the title to the land which the plaintiffs had and was in position to reconvey it to them and prevailed upon them to accept a reconveyance but the foreclosure proceedings were instituted by the plaintiffs in reference to which the same averments were made as were made in the first plea.

Th second amended plea cannot be treated as one setting up a total lack of consideration or partial failure of consideration because as shown heretofore it lacks all the elements of such a plea. It clearly attempts to set up a breach of the covenant of seizin as a complete defense to the action. The attempt to make the oral representations, antedating the conveyance, as to a good right to convey and a warranty against adverse claimants and freedom of the property from incumbrances, coupled with averments that such representations were fraudulently made for purposes of deception is futile because it

is not averred that the defendant was deceived thereby. Indeed he could not have been if the restrictions contained in the conveyance to plaintiffs were deemed to be sufficient to prove the falsity of such representations because such representations were merged in the covenants contained in the deed to defendant who had notice from the record of plaintiffs' deed, under which they claimed, of the existence of such restrictions. The oral representations were merged in the covenants of the deed of conveyance. The transaction became an executed contract of sale of the land. The purchase was completed and the defendant accepted the title which the public record disclosed was burdened by the restrictions and the easement.

The case Wheeler v. Sullivan, 90 Fla. 711, 106 South. Rep. 876, is not in point as in that case the contract involved was an executory contract of sale. The fact that defendant did not take actual possession of the land does not in the absence of any averment that he was prevented from doing so render the deed from plaintiffs an executory contract to convey. It is not a question whether the building restrictions and the easement constitute incumbrances upon the land or that they render the title unmarketable. So much may admitted but where the defendant has completed the purchase, accepted his deed, the transaction is closed and the purchaser is confined to his action for breach of the covenant. The plea does not aver that the restrictions are still enforceable which would be a defect in the plea if the contract was executory.

The plea is bad because according to its averments the defendant is estopped from setting up the attempted defense by reason of the decree in the foreclosure suit in which the same defense was available to him and the facts constituting it were known to him. See Mattair

v. Card, Admr., 19 Fla. 455; Hay v. Salisbury, 92 Fla. 446, 109 South. Rep. 617; Huddleston v. Graham, *supra.*

The plea is bad because according to its averments the representations do not constitute such false or fraudulent representations because it is not averred that plaintiffs did not have full right to convey and were not seized of the fee simple title but complaint is made merely as to the restrictions which even though constituting incumbrances do not establish a want of consideration.

The plea is also subject to the criticism that the delay of the defendant in asserting his objection to the title encumbered by the alleged restrictions for a period of nearly two years, during which time he occupied the status of owner in fee and entitled to any appreciation in value of the property, would bar the defense sought to be interposed. DeHuy v. Osborne, 96 Fla. 435, 118 South. Rep. 161.

The averments of the plea negative the idea of the absence or want of a consideration for the notes. The averment that the defendant was vested with the title conveyed to him at all times after the execution of the deed and that he was in position to reconvey it to the plaintiffs shows the existence of a consideration. Greenleaf v. Cook, 2 Wheat. 13, 4 L. Ed. 172 and note; Thornton v. Wynn, 12 Wheat. 183; Mickler v. Reddick, 38 Fla. 341, 21 South. Rep. 286.

There is no averment in the plea that the defendant has been evicted or that he has suffered any loss by reason of the restriction. The rule in such cases as presented by the plea is that the defendant is remitted to his action upon the covenants in the deed.

There was no error in sustaining the demurrer to the second amended plea.

The third amended plea undertakes to adopt by reference all the averments of the second plea and adds

that the defendant is entitled to recover from the plaintiffs the $10,000. cash paid by him to the plaintiffs upon the purchase of the land because as the transaction was void according to the averments of the second plea he should recover damages in a sum equal to that paid to plaintiffs upon the purchase of the land. The plea is dependent upon the validity of the second plea. If that plea falls the third must follow it. The plea is clearly an attempt in a common law action upon a promissory note given for a part of the purchase price of land to obtain a rescission of the contract upon defective allegations of fraud and a restitution of the money paid upon the purchase price. It is neither a set-off nor recoupment nor a plea in bar nor confession and avoidance. It has no place so far as we are advised in common law pleading and counsel furnish us with no authority to support it.

There was no error in sustaining the demurrer to the third amended plea.

The fourth amended plea also attacks the notes as being without consideration. The same averments of fraud as to the representations concerning seizin or legal title, good right to convey, and warranty of title free from incumbrances that were made in the second amended plea were repeated in this plea. The plea then avers that the covenants or warranties contained in the deed were breached by the plaintiffs. The facts set up to establish such breach as are the averments that the title to the land was at the time of conveyance to the defendant by the plaintiffs and still is in the Lauderdale Realty Company, which title was subject to a mortgage held by A. J. Bendle who assigned it to Mary Brickell and she began her suit in 1913 to foreclose the mortgage, obtained a decree, the property was sold by a special master to William Pruden Smith who conveyed to Woods-Hoskins-

Young Company in 1924, who conveyed it to the plaintiffs in 1925.

The averments that the title is still in the Lauderdale Realty Company rest upon averments collaterally attacking the decree obtained by Mrs. Brickell in the foreclosure suit against that company. The plea then proceeds with the same averments as to the restrictions contained in the deed to the plaintiffs as were contained in the second deed. The plea is bad because the attack upon the validity of the Master's deed to Smith on the ground that no subpoena was served upon the Lauderdale Realty Company, ''no legal service was had upon the said company'', ''no service by publication as required by the laws of the State and the said court never at any time had jurisdiction of the Lauderdale Realty Company'' aside from the objection that such averments are almost entirely conclusions of law and therefore not good pleading they do not negative the idea that the Lauderdale Realty Company appeared by its officer or counsel and submitted itself to the court's jurisdiction.

In other respects the plea is the same as others which have been considered. The averments in this plea do not show a total failure of title. In this plea a collateral attack is made upon a decree of the Circuit Court but no averment is made that the record affirmatively shows an absence of jurisdiction. Harrod v. Harrod, 167 Ky. 308, 180 S. W. Rep. 797; 34 C. J. 532; Black on Judgments, Sec. 271; Sammis v. Wightman, 31 Fla. 10, 12 South. Rep. 526.

In the above case Mr. Chief Justice Raney speaking for the Court said: ''It is also true, and reasonably so, that where the party sued undertakes to assail by plea the jurisdiction over him of the court of the sister state in which the judgment sued on was obtained, the plea must negative by certain and positive averment every

fact upon which such jurisdiction can be legally predicated. If by any reasonable intendment the facts alleged in the plea can exist, and the court rendering the judgment sued on still have had jurisdiction, the plea is bad.''

The same doctrine applies when the attack is made by a third person not a party to the judgment attacked. See also Ritchie v. McMullen, 159 U. S. 235, 40 L. Ed. 133.

The plea is also bad because it undertakes to set up a breach of seizin by attacking the title in the plaintiffs to the land because of the lack of the court's jurisdiction in the foreclosure suit by Mrs. Brickell and avers a breach of covenant against incumbrances. These are distinct defenses if validly pleaded. If they were validly pleaded the plea would fall for duplicity. The demurrer was properly sustained to the fourth amended plea.

The fifth amended plea is bad for the reason given as to the third. The seventh is also bad for the same reason and the ninth amended plea must fall for the same reason.

The sixth and eighth amended pleas contain no new averments; set up no other defense than that attempted to be presented by the pleas which have been considered. It would be useless to prolong this opinion by any further discussion of the defenses attempted to be interposed.

A careful analysis of all the pleas shows that the defendant seeks to interpose as a bar to the plaintiffs' recovery an alleged breach of a covenant against incumbrances while making no averment of injury to the defendant by reason of the existence of the building restrictions which are treated as incumbrances. Such a defense is not a bar to the plaintiffs' claim though the defendant may have his action for damages for the alleged breach of the covenant.

The pleas attempt to set up the defense of a total failure or want of consideration while admitting the purchase of the land and the obtaining of the title thereto. They seek to treat as an executory contract that which is fully executed.

There is no merit in any of the pleas. The demurrers to them were correctly sustained. In this view of the case the first opinion of this court reversing the judgment is recalled and set aside and the judgment of the trial court is hereby affirmed.

BUFORD, C.J., AND BROWN, J., concur.

DAVIS, J., concurs in the opinion and judgment.

WHITFIELD AND TERRELL, J.J., dissent.